## Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Troxell, et al.

(Decided October 24, 1912.)

### Appeal from Pulaski Circuit Court.

1. Trial—Instructions to the Jury—Effect of Charge as a Whole.—Where the issues are not complicated and the instructions, as a whole, are simple and easily understood, the court will not disturb the finding of the jury because of error only in form of one of the instructions given.

2. Trial—Instructions to the Jury.—Contributory Negligence.—An instruction on contributory negligence, in itself objectionable for failure to inform the jury as to the duty which plaintiff owed to himself, is not erroneous when read in connection with the instruction defining ordinary care, in which the attention of the jury was directed to the conduct of plaintiff relative to his own safety at the time of his injury.

JOHN GALVIN and O. H. WADDLE & SONS for appellants.

H. C. FAULKNER & SONS for appellees

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is the second appeal of this case. The facts are fully set forth in the opinion on the former appeal, which is to be found in 143 Ky., 765.

Upon that appeal, the case was reversed because of error in the instructions, and in returning the case to the lower court for another trial, the following direction was given:

"On the next trial, if the evidence be the same, the court will tell the jury that, if they believe from the evi-

dence that plaintiff, at the time he was injured, was engaged in the performance of his duties, and that he crossed the track at a time and place where the presence of employes should have been reasonably anticipated, it was the duty of defendants to give timely warning of the approach of the engine by ringing the bell or blowing the whistle; and if they believe that defendants failed to give such timely warning of the approach of the engine, and that plaintiff, by reason of such failure and while exercising ordinary care for his own safety, was injured, they should find for the plaintiff. On the other hand, if they believe that plaintiff at the time he was injured, was not engaged in the performance of his duties, or was not injured at a time and place where the presence of employes on the track should have been reasonably anticipated, or that the defendants did give timely warning of the approach of the engine by ringing the bell or blowing the whistle, then, in either of these events they will find for the defendants."

"These instructions, together with the one upon contributory negligence, and the one upon the measure of damages, as hereinbefore indicated, will be all that will be given."

Upon the last trial, the court followed the directions given in said opinion, and gave only the instructions indicated. The trial resulted in a verdict for the plaintiff, and the company again appeals.

It is insisted that the instruction defining contributory negligence was prejudicial, and that for this reason the railroad company is entitled to a reversal. The instruction given upon this point, is as follows:

"It was the duty of the plaintiff to exercise ordinary care for his own safety, and if you shall believe from the evidence that at the time he was injured he failed to exercise that degree of care for his own safety and by reason of that failure, if any, helped to cause or bring about the injury complained of, and but for which failure, if any, he would not have been injured, the law is for the defendant and you should so find."

It is insisted that this instruction is not broad enough and fails to inform the jury as to the duty which plaintiff owed to himself, in going upon the railroad track, at the time and place he received his injury, and a number of decisions of this court are cited in support of this contention. Strictly speaking, the criticism of this instruc-

tion is correct. But, when it is read, in connection with the instruction defining ordinary care, we are of opinion that the jury could not fail to understand that the words "ordinary care for his own safety," in the contributory negligence instruction, referred to the exercise of ordinary care by the plaintiff, at the time when he was in the act of going upon the track; for, in the instruction defining ordinary care, the jury is told that ordinary care "means such care as ordinary prudent persons would use under circumstances similar to those proved in this case." Thus, their attention was necessarily directed to the conduct of plaintiff relative to his own safety, at the time of his injury, and, unless they believed that he was exercising such care, as an ordinarily prudent person would have exercised in attempting to go upon or over the track, they could not have found for plaintiff. If appellee, at the time he received the injury, was not exercising that degree of care for his own safety, which an ordinarily prudent person would, under the circumstances in the evidence, have exercised, then, under this instruction defining contributory negligence, the jury was bound to find for the defendant, even though appellants themselves may have been negligent. While the instruction given did not, in terms, so tell the jury, it could not possibly have conveyed any other meaning.

The issue in this case was, in no wise, complicated; and the instructions, as a whole, are simple and easily understood. By instructions one and two, the jury were told that the plaintiff might recover, under certain conditions, and by instruction three, that he could not recover unless, at the time of his injury, he was exercising ordinary care for his own safety. This meant, as explained in instruction four, the exercise by himself, at that time, of that degree of care, which an ordinarily prudent person would exercise when similarly situated.

We are satisfied that the verdict of the jury would have been the same, if the instruction on contributory negligence had been given in the language asked for by appellants' counsel. Under these circumstances, we do not feel warranted in disturbing, or setting aside, the deliberate judgment of twelve men, especially chosen to pass upon and determine the rights of the parties in this litigation. They had the witnesses before them, and applying the facts, brought out in the evidence, to the law of the case as given by the court, said, as did a former

jury, that plaintiff was entitled to recover. We do not believe that the error in the form of the instruction was prejudicial; hence, a reversal should not be directed on that account. Section 134, Civil Code.

Judgment affirmed.