## Weil, et al. v. Hagan.

(Decided November 25, 1914.)

### Appeal from Clark Circuit Court.

1. Trial—Improper Argument—In an action by plaintiff to recover damages from an automobile owner resulting from a collision, a statement by plaintiff's counsel in his argument to the jury that they "should find a verdict against the defendants in order to protect the lives of citizens in traveling on the highway, and that would be a warning to the drivers of automobiles on the highway," held improper.

2. Instructions—Damages—Failure to Furnish Guide for Determination.—In an action for damages, an instruction which fails to furnish to the jury a guide for determining the amount of damages that should be assessed is erroneous.

3. Damages—Measure of Damages—Injury to Personal Property.—In the case of injury to personal property, the measure of damages is the difference between its market value before and its market value after the injury.

4. Damages—Measure of Damages—Personal Injuries—Permanent Injuries.—In the case of personal injury, where there is no claim for lost time or for physicians' or medical bills, and the injury is not permanent, the measure of damages is a sum reasonably sufficient to compensate plaintiff for his physical and mental suffering; where the injury is permanent, the measure of damages is a sum reasonably sufficient to compensate plaintiff for his physical and mental suffering, and for the permanent reduction of his power to earn money.

PENDLETON, BUSH & BUSH for appellants.

J. SMITH HAYS, Jr., ELMER D. HAYS and J. SMITH HAYS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Claiming that his horse, buggy and harness were damaged, and that he himself was injured, by reason of a collision with defendants' automobile resulting from the negligent operation thereof, plaintiff, L. B. Hagan, brought this action against defendants, Morris Weil and Walter Wash, to recover damages. The jury awarded a verdict for $700. The defendants appeal.

The circumstances attending the accident are as follows: Plaintiff and a Mr. McDonald were driving east along the Winchester and Lexington pike. As they were passing a Mr. Mullins, who was going west, the automobile, which was being operated by defendant Wash, approached. The automobile was going at the rate of 35 or 40 miles an hour. Plaintiff pulled his buggy off the road. The automobile passed between plaintiff's buggy and the buggy of Mr. Mullins. The automobile took the harness off plaintiff's horse, and also struck the wheels of the buggy. The horse became frightened and ran away. Plaintiff fixed the damages to the buggy and harness at $100 and the damage to the horse at $100. Plaintiff's knee and wrist were injured. On arriving at Winchester, plaintiff had a physician examine and prescribe for his knee. After reaching Winchester plaintiff walked about on his injured leg. He never had to use a crutch, but sometimes used a cane. His knee had not gotten well at the time of the trial. The automobile was owned by Leonard Weil, but was being controlled and used by the firm of Simon Weil & Son. Morris Weil is a member of that firm. On the occasion in question the defendant, Morris Weil, sent the driver, Wash, with the automobile to take a message in regard to the purchase of some cattle. Wash claims that no collision occurred between the buggy and the automobile, and Mr. Mullins, who was passing at the time, says that he never heard any noise indicating a collision. It was also shown by the owner of the garage that he examined the automobile after the alleged accident, and found no marks of any kind on it.

One of the grounds assigned for reversal is improper argument on the part of counsel for plaintiff. In his speech to the jury counsel used the following language:

"You should find a verdict against the defendants in order to protect the lives of citizens in traveling on the highway, and that would be a warning to the drivers of automobiles on the highway."

If as a matter of fact plaintiff and his property were injured by reason of defendant's negligence, he was entitled to such a sum as would reasonably compensate him for the damages actually sustained, but no more. He was not entitled to a verdict that would protect the lives of citizens traveling on the highway, or that would be a warning to drivers of automobiles. Counsel for plaintiff insists that he did not go outside of the record in making the statement complained of, for the record shows that the lives of one or more citizens were endangered, and being established by the record, the words about the warning were within the limits of legitimate argument. All of us know that in the minds of many citizens there is a natural prejudice against automobile owners and drivers growing out of the fact that some of them operate their machines in a reckless manner. Because of this prejudice it is extremely difficult to get a jury who will calmly and dispassionately weigh the facts of a particular case, without taking into consideration the recklessness of other automobile owners and drivers. We therefore conclude that an argument like the one in question, which was evidently designed to play on and increase this natural prejudice, and therefore to arouse the passions of the jury, was not within the bounds of legitimate argument. Where an automobile owner or driver is negligent and injures another, he should answer only for the reasonable consequences of his own acts. He should not be mulcted in damages in order that a verdict in his case may operate as a warning to others. As the language complained of was not within the range of legitimate argument, we conclude that the trial court should have sustained defendant's objection thereto, and admonished the jury not to consider it. While it may be that the argument referred to is not so improper as to justify a reversal for that reason alone, yet when considered in connection with the error in the instruction on the measure of damages, which will be next considered, we conclude that the ends of justice require that a new trial be granted.

By instruction No. 1 the jury were told in the event they found for plaintiff to find ''such a sum as will reasonably compensate the plaintiff for such injury as you may believe from the evidence plaintiff sustained, not to exceed $100 for damages to the harness and buggy, $100 for damages to the horse, and $1,800 damages to the plaintiff, not to exceed in all the total sum of $2,000,

the amount claimed in the petition." It will be observed that the instruction in question furnishes to the jury no guide for determining the amount of damages that should be assessed. Such an instruction has been frequently condemned by this court. C., N. O. & T. P. Ry. Co. v. Giboney, 124 Ky., 809; Lexington Ry. Co. v. Britton, 130 Ky., 682; L. & N. R. R. Co. v. Farris, 30 Ky. L. R., 1195; Paducah Traction Co. v. Burradel, 31 Ky. L. R., 1053; L. & N. R. R. Co. v. Pearcy, 121 S. W., 1040; Board of Park Commissioners v. Donahue, 140 Ky., 504. In the case of injury to personal property the measure of damages is the difference between its market value before and its market value after the injury. In the case of personal injury, where there is no claim for lost time or for physicians' or medical bills, and the injury is not permanent, the measure of damages is a sum reasonably sufficient to compensate plaintiff for his physical and mental suffering. If, however, his injury is permanent, the measure of damages is a sum reasonably sufficient to compensate plaintiff for his physical and mental suffering, and for the permanent reduction of his power to earn money. On another trial the court will so instruct the jury.

Judgment reversed and cause remanded for new trial consistent with this opinion.