## City of Louisville v. Koshewa.

(Decided December 2, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Municipal Corporations—Streets—Original Establishment of Grade—Change of Grade Where Street Not Constructed.—Where the grade of an alley is established, but the alley is not constructed according to the grade, a city may establish a new grade and construct the alley in accordance with that grade, without subjecting itself to liability to the property owner who acquired his property and made all of his improvements before the establishment of the original paper grade.

2. Municipal Corporations—Establishment of Grade—Injury to Property—Instructions.—An instruction authorizing a recovery if the jury believe that the city engineering department, in establishing the grade of an alley adjoining plaintiff's property, was guilty of culpable negligence, is erroneous, since no recovery can be had for the original establishment of the grade unless the city's engineering department is guilty of corruption or bad faith.

3. Instructions—Measure of Damages.—An instruction which furnishes to the jury no guide for determining the amount of damages that should be assessed is erroneous.

GEO. CARY TABB and PENDLETON BECKLEY for appellant.

WALLACE A. McKAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for injuries to his property alleged to have resulted from the negligent establishment of the grade, and the negligent construction, of an alley in the rear of his premises, plaintiff, Gustav Koshewa, recovered a verdict against the City of Louisville for $500. The city appeals.

Plaintiff's property fronts on Kentucky street. When he purchased his lot, the house on it consisted of one room and a small kitchen. Since that time he has built a house of seven rooms, besides a barn and other outbuildings. He also lowered the rear of his lot. Plaintiff purchased his property and made all the changes and improvements therein prior to March 4, 1907. On that date the city of Louisville established a grade for the alley in the rear of plaintiff's lot, The alley was not graded or constructed according to that grade. On July 6, 1910, the grade of the alley was changed and the alley constructed according to the new grade. In the case of City of Louisville v. Lausberg, 161 Ky., decided December 2, 1914, the court, in discussing the liability of the city, growing out of a change of a paper grade, where the street was not graded or constructed according to that grade, laid down the following rule:

"The grade of a street once established, though the street be not graded or constructed in accordance with that grade, cannot thereafter be changed without subjecting the city to liability for damages to any property owner who has purchased or improved property, or otherwise acted on the faith of the established grade. The grade in such a case can only be changed without liability for damages where it can be done without prejudice to the rights acquired on the faith of the grade so established."

In the case under consideration plaintiff acquired his property and made all of his improvements and changes prior to the establishment of the paper grade in 1907. We, therefore, conclude that, as to him, the grade established in 1910 is the original establishment of the grade of the alley. That being true, mere culpable negligence on the part of the engineering department of the city of Louisville will not support an action for consequential damages. It is only where the city's officers are guilty of corruption or bad faith that a recovery can be had for consequential damages growing out of the original establishment of the grade of a street or an alley. Recovery can be had, however, for negligent construction of a street or alley on the grade originally established. City of Louisville v. Sauter, 149 Ky:, 721. As the instructions in this case authorize a verdict if the jury believe from the evidence that the engineering department, in establishing the grade in 1910, was guilty of culpable negligence, and plaintiff's property was there-

by injured, it follows that these instructions were erroneous.

The instruction on the measure of damages is also erroneous, in that it told the jury that if they believed from the evidence that plaintiff's property was injured by the defendant's failure to construct in and around the property of plaintiff sufficient catch basins to carry away the surface water which fell during ordinary rains, they should find for him on this issue "such damages as you should find from the evidence he so sustained." In other words, the instruction in question furnishes to the jury no guide for determining the amount of damages that should be assessed. Such an instruction has been frequently condemned by this court. Weil, &c., v. Hagan, 161 Ky., 292; C. N. O. & T. P. Ry. Co. v. Gibboney, 124 Ky., 809; Lexington Ry. Co. v. Britton, 130 Ky., 682; L. & N. R. Co. v. Farris, 30 Ky L. R.. 1195; Paducah Traction Co. v. Burradel, 31 Ky. L. R., 1053; L. & N. R. Co. v. Pearcy, 121 S. W., 1040; Board of Park Com'rs v. Donahue, 140 Ky., 504.

For the errors indicated, the judgment is reversed and cause remanded for new trial consistent with this opinion.