## Southern Railway in Kentucky, et al. v. Kentucky Grocery Company.

(Decided October 7, 1915.)

## Appeal from Jefferson Circuit Court (Common Pleas, No. 1)..

1. Damages—Mode of Estimating Compensation—Instructions Must State.—Instructions on the measure of damages must give to the jury a guide for fixing compensation therefor.

2. Damages—Measure of For Reparable Injury to Personal Property.—Where there is a reparable injury to personal property, the measure of damages is the difference between the reasonable market value of the property immediately before the injury and at the place thereof, and its reasonable market value immediately after the injury at the place thereof. And, if the injury necessarily results in the loss of the use of the property pending repairs, the owner may also recover the reasonable value of its use during the period reasonably necessary to effect such repairs made reasonably necessary by the injury as were required to put the property in a condition equal to but not better than it was in immediately before the injury. But the recovery may not exceed the reasonable market value of the property immediately before the injury, and at the place thereof.

3. Damages—Mode of Estimating Compensation For Loss of Use of Automobile Truck.—In estimating compensation for the loss of the use of an automobile truck, the criterion is the reasonable net rental value upon the market in the community of the truck in question or of other trucks of similar capacity and equal performance, the lessee furnishing driver and paying all such other expenses as the owner of the car himself would have to bear in the operation thereof.

4. Damages—Measure of Damages for Destruction of Personal Property.—The measure of damages for destruction of personal property, that is, for irreparable injury thereto, is the reasonable market value at the time and place of the injury of the property so destroyed.

HUMPHREY, MIDDLETON & HUMPHREY and J. H. McCHORD for appellants.

JOHN C. MILLER for appellee.

Opinion of the Court by Judge Hannah.—Reversing.

On September 10, 1913, a train operated by appellants, Southern Railway in Kentucky and the Kentucky & Indiana Terminal Railroad Company, collided at a street crossing in Louisville with an automobile owned and operated by appellee, Kentucky Grocery Company. To recover damages for the injury thereby occasioned, appellee sued appellants in the Jefferson Circuit Court; and from the verdict and judgment obtained by it, this appeal is prosecuted.

Appellants concede that there was sufficient evidence of negligence resulting in the injury, to convey the case to the jury; but contend that the instruction on the measure of damages is erroneous, that incompetent evidence was admitted, and that the verdict is excessive.

The instruction complained of was as follows:

"No. 3. If you find for the plaintiff, you should award it such sum in damages as you may believe from the evidence will fairly and reasonably compensate it for any damage to the automobile truck resulting directly from the collision, the award not to exceed the sum of $524.40 on this account; for any destruction to the merchandise upon the truck, not exceeding $47.85 on this account; and for any loss of the use of the automobile, resulting directly from the collision, during such time as you may believe from the evidence it was reasonably required to repair the automobile, not exceeding on this account, at the rate of $25 per day for not exceeding 70 days; the whole award not to exceed the sum of $2,597.85, the amount claimed in the petition. If you find for the plaintiff and award it compensation on the several items mentioned, you will separate the items and specify the amount of damage awarded on each. If you find for the defendants, you will simply say so by your verdict, and no more."

The vice of an instruction of this character is that it fails to furnish to the jury any criterion to control them in fixing the plaintiff's compensation, other than the jury's belief from the evidence as to what would be a fair and reasonable compensation for the injury. For instance, the instruction directs the jury to find what would be a fair and reasonable compensation for the injury to the automobile truck resulting directly from the collision, but does not inform them how this fair and reasonable compensation is to be found. The jurors are thus left,

each to his own individual idea, as to how to fix the sum which would reasonably and fairly compensate plaintiff therefor.

Instructions in this form have frequently been condemned. See City of Louisville v. Koshewa, 161 Ky., 359, 170 S. W., 964; Weil v. Hagan, 161 Ky., 292, 170 S. W., 618; L. H. & St. L. Ry. v. Roberts, 144 Ky., 820, 139 S. W., 1073.

Where an injury to personal property does not effect its destruction, that is, where it is susceptible of repair, the measure of damages is the difference between the reasonable market value of the property immediately before the injury at the place thereof, and its reasonable market value immediately after the injury at the place thereof.

Evidence of the reasonable value of such repairs made necessary by the injury, as were required to place the property in usable condition, as well as evidence of its reasonable market value when repaired, is competent as bearing on the reasonable market value of the machine immediately after the injury. But if the property should be rendered by reason of the repairs, more valuable than it was before the injury, then of course the full expenditure for repairs should not be at the expense of the defendant. On the other hand, if by reason of the injury the property has been rendered incapable of being made, by repairing it, as valuable as it was immediately before the injury, the plaintiff should not be required to lose this deterioration.

The instruction complained of also fails to inform the jury concerning the proper method of fixing the compensation for the loss of the use of the machine. The rule is that where an injury to personal property necessarily results in the loss of the use of the property while it is being repaired, the owner may also recover the reasonable value of its use during a period reasonably necessary to effect such repairs made necessary by the injury, as were required to place the property in a condition equal to, but not better, than that in which it was immediately prior to the injury. In this case, the property being an automobile truck, the criterion is the reasonable net rental value upon the market in Louisville of the truck in question or of other trucks of like capacity and equal performance, the lessee furnishing driver and bearing all

such other expenses as the owner himself would have to bear in the operation of his own car.

We may suggest, in this connection, that in the light of the rules herein stated, it will be apparent that quite a great deal of the evidence admitted upon the trial was incompetent. For instance, an officer of appellee company was permitted to testify that the truck was worth "$20 per day to us" and that it had paid out various sums for wagons and teams to do the work which it had been doing with this truck. This evidence was not competent.

We deem it unnecessary to consider the evidence further in this respect, for upon another trial the matter of conforming the evidence to the criteria of damages herein established may easily be controlled; nor is it necessary to pass upon appellants' contention that the verdict was excessive in the finding of $875 for the loss of the use of the truck, for that finding rested largely upon evidence not in conformity with the method of ascertainment herein prescribed.

The court should also limit the recovery so that it shall not exceed the reasonable market value of the truck immediately before the injury. There can be no recovery beyond the reasonable market value of the property at the time and place of the injury, when the same is totally destroyed, and certainly this would be the limit of recovery in the case of reparable injury thereto.

The verdict in this case was $524.40 for deterioration in value of the truck (or "for repairs" as the jury stated it) and $875.00 for the loss of the use of the truck, which makes $1,399.40, aside from the $47.85 for the groceries destroyed.

The evidence discloses that the truck was about three and a half years old; that its list price when new was $3,000; that after it had been used about two years and four months, appellee bought it for $1,800; and that appellee had used it fourteen months.

The record does not disclose what the fair market value of the truck was immediately prior to the injury; but in the light of the facts shown, it may be that the verdict was in excess thereof. At any rate, appellee may not recover more than the fair market value of the machine immediately prior to the injury.

In respect of the groceries that were on the truck at the time of the collision the instruction given was erron-

eous in that it fails to give to the jury any criterion for determining the sum that will reasonably and fairly compensate plaintiffs therefor.

The measure, where personal property is destroyed, is its fair market value at the time and place of the injury.

The evidence discloses that the truck was struck by the locomotive and overturned and carried up the track for some distance; that the truck was being operated by two colored men, and one of these was carried up the track along with the truck; that such of the groceries as were not actually destroyed were picked up by spectators.

Appellants suggest in this connection the application of the familiar doctrine of the duty of the injured person to minimize the damages; but in view of the undoubted mental condition of the two colored men, and the further fact that appellants had a train crew present, we think the suggestion is, at least, unkind. Under the facts shown, appellee is entitled to recover as for a total destruction of the groceries.

The judgment is reversed for proceedings consistent herewith.