## Cincinnati, New Orleans & Texas Pacific Railway Company v. Sweeney.

(Decided October 22, 1915.)

### Appeal from Boyle Circuit Court.

Damages—Measure of Damages.—The measure of damages for the destruction of or injury to personal property is as follows: If the property is destroyed, that is, the injury is such that it is not susceptible of repair, the measure of damages is the reasonable market value of the article, at the place of destruction, and immediately before; if the injuries are such that the property is susceptible of repair, then the measure of damages is the difference between the reasonable market value of the property, at the place of the injury, immediately before the injury, and its reasonable market value, at such place, immediately after the injury.

NELSON D. RODES, CHARLES H. RODES and JOHN GALVIN or appellant.

EMMET PURYEAR, JOHN W. RAWLINGS and ROBERT HARDING for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Reversing.

This was a suit by the appellee, E. B. Sweeney, against the appellant to recover damages on account of injuries to an automobile. The appellee claims that a certain crossing of the appellant's track across a pike was greatly out of repair, defective, and not reasonably safe for travel over it, and that these conditions arose from the gross negligence of the appellant in failing to properly maintain the crossing in a reasonably safe condition for travel

over it, and that by reason of its condition, his automobile, although he was exercising ordinary care for its safety, in passing over the crossing, was caused to turn from its course, and to run off the crossing, with one of the rails of the railroad track between the wheels of the automobile, when immediately, and before he had time in which to extricate the automobile from its position, one of appellant's trains, without warning to him, approached at a dangerous rate of speed, and struck the automobile with such force, that it was knocked to a distance of several feet, and greatly injured and damaged. The appellee laid the damages to his automobile at $750.00. The trial resulted in a verdict by the jury in favor of appellee, in which it fixed the damages, which the appellee sustained by reason of the matters complained of, at the sum of $650.00, and the court rendered a judgment in favor of appellee accordingly.

The appellant filed grounds and moved the court to set aside the verdict and judgment and to grant it a new trial, but the court overruled the motion, to which appellant excepted, and prayed an appeal to this court.

The appellant insists that the trial court erred to its prejudice in giving instruction No. 2 to the jury, and in refusing it a new trial because of its claim, that the damages awarded were excessive and indicated that the jury was actuated by passion and prejudice in fixing the amount of the recovery.

Instruction number two was given by the court upon the motion of appellee and over the objection of the appellant, and is the instruction given which fixed the measure of damages, by which the jury was to be guided in making its verdict, if it should find for appellee, and is as follows:

"If your finding be for the plaintiff, you will find for the plaintiff the difference in value of said automobile before and after it was injured, at the time of said injury of same, not to exceed, however, the sum of $650.00."

The contention of appellant is that the measure of damages was the difference in the market value of the automobile just before it received the injuries and just after it received the injuries, while the appellee complains of the action of the court in limiting the amount of his recovery to $650.00, when the amount sought by him in his petition was $750.00. The argument is advanced, that the measure of damages fixed by the in-

struction is correct, because a second hand automobile has no market value, although it has a real value for use. It becomes necessary to recite the evidence given upon the trial, as to the value of the automobile and its injuries. The appellee gave evidence to the effect, that the machine and its attachments cost him the sum of $750.00, nine months before the injuries complained of; that he had used it, since he had owned it, in traveling about 1,600 miles; that he had certain repairs made upon it, a short time before the injuries occurred; had tested the machine fully; that it had by reason of its use become "limbered up," and was really a better machine than when he purchased it. All of this was competent evidence, as tending to establish its market value. Other evidence was given tending to prove that the market value of the machine, at the time of the injuries to it, was $500.00; that the market price of a new machine of the kind and make of the appellee's, at the time of the injuries to it, was $650.00; that the use of a machine of the kind and make of appellee's, for the length of time his had been used, in a proper and reasonable way, reduced the value of such a machine from one-third to one-half of its original value; that the machine in its injured condition was of the value of $150.00, and that it was susceptible of being repaired. The appellee, after the injury, seems to have abandoned the machine, and the appellant caused it to be removed into one of its depots, where it has remained ever since. The appellee insists that he ought to recover the full value of the machine, immediately before its injury, because the appellant had converted the machine to its own use. The petition does not allege any conversion of it by appellant, and does not rely upon such a cause of action, but is simply an action to recover for the damages it suffered. Appellee has never made any demand for its possession, and so far as the record shows, there has been no conversion of it, and no refusal by appellant to give the possession, and appellee has only to go and possess himself of it. The title to the property has not changed. The appellee did not attempt to do anything to minimize his loss by having the machine repaired or otherwise.

To say that a second hand automobile has not a market value, would be the same as to hold, that wagons and carriges, after a period of use, have not a market value, because no two of them would be in exactly the same con-

dition, as to use, "wear and tear." If an action was pending for destruction of or injury to a wagon or carriage, after a period of use, the owner would certainly be limited in his recovery to the reasonable market value of the article immediately before its destruction, if the injury suffered by it was irreparable; or the difference between its reasonable market value immediately before the injury and immediately thereafter, if it was susceptible of being repaired. We see no reason why the same rule should not apply to injuries to an automobile. It is a matter of common knowledge, that automobiles in all stages of use and repair are being daily exchanged in barter and sales. If an automobile is totally destroyed, or if an automobile suffers injuries, the damages to the owner from the destruction or injury of the machine, alone, can not be more than his loss, which in the first instance is its value immediately before its destruction, and, in the second instance is the difference between its value in its injured condition and its value before the injuries. To fix these values, the law refuses to leave it to the imagination of the owner of the injured property, or to the opinion which a jury may set up as the criterion of value, and which may vary in different cases and with each jury, but has adopted the market value, as the one most tangible and the one which can be most easily and certainly laid hold of. This question has been definitely settled by this court in former adjudications, and is now beyond the sphere of controversy. In the case of Weil v. Hagan, 161 Ky., 292, the rule was laid down as follows:

"In the case of injury to personal property, the measure of damages is the difference between its market value before and its market value after the injury."

In the recent case of Southern Railway Co. in Ky. v. Kentucky Grocery Co., 166 Ky., 94, the following was declared to be the rule in the cases of destruction or injury to personal property:

"Where an injury to personal property does not effect its destruction, that is, where it is susceptible of repair, the measure of damages is the difference between the reasonable market value of the property immediately before the injury, at the place thereof, and its reasonable market value immediately after the injury, at the place thereof."

If the destruction of personal property is so complete, that it is not susceptible of repair, the measure of dam-

ages is its reasonable market value immediately before its destruction.

With regard to the fact of the court fixing the maximum amount, which appellee could be allowed to recover, at $650.00, instead of $750.00, the amount sued for, it was not error for the court to fix the maximum amount at the greatest, which any evidence conduced to show was the difference between the market value of the machine immediately before the injuries to it and its market value immediately thereafter.

For the error embraced in the instruction, *supra*, the judgment will have to be reversed, and it will not be necessary to discuss the other grounds of reversal relied upon, as upon another trial, other facts may be in evidence, which the present record fails to show.

The judgment is reversed and cause remanded for further proceedings consistent with this opinion.