## Koltinsky v. Hollowell.

(Decided May 16, 1924.)

### Appeal from Caldwell Circuit Court.

1. Appeal and Error—Instruction Allowing Punitive Damages Held Cured by Verdict.—Judgment awarding damages for automobile collision will not be reversed because court erroneously gave instruction upon punitive damages, where verdict stated that damages allowed were "as damages to his car."

2. Damages—$200.00 Not Excessive for Injury to Automobile.—A verdict for $200.00 damages was not excessive for injury to auto-

mobile, though cost of repairing was only $67.84; there being evidence that difference in value before and after accident exceeded sum allowed.

3. Appeal and Error—Highways—Instruction that Defendant Not Entitled to Pass Plaintiff's Automobile Held Erroneous and Prejudicial.—An instruction that, if plaintiff's automobile was meeting another automobile, "the right of way was their, and the defendant K. did not have the right to pass" from plaintiff's rear, held both erroneous and prejudicial.

J. ELLIOTT BAKER for appellant.

S. D. HODGE and T. C. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The plaintiff, now appellee Hollowell, alleged in his petition that the defendant Koltinsky negligently ran his automobile against plaintiff's automobile and damaged. same in the sum of $500.00, and asked judgment for that sum together with $500.00 as punitive damages.

Defendant denied negligence upon his part, and plead contributory negligence upon the part of the daughter of plaintiff, who at the time was driving his car. A trial resulted in a judgment of $200.00 for the plaintiff, and the defendant has filed his motion for an appeal.

The evidence is conflicting as to whether the collision resulted from negligence upon the part of the defendant or the daughter of the plaintiff, and although the weight of the evidence, as well as the number of witnesses, seems to us to have been with the defendant, the verdict is not so flagrantly against the evidence as to warrant the conclusion it is the result of passion or prejudice upon the part of the jury.

Nor can the judgment be reversed because the court gave an instruction upon punitive damages, which we think was error under the evidence, since the verdict of the jury states that the $200.00 is allowed to plaintiff "as damages to his car." This makes it clear that compensation only was allowed, and that defendant was not prejudiced by the error in giving the instruction upon punitive damages.

Neither do we think that the verdict is excessive, since, although plaintiff paid only $67.84 for repairing his automobile, there was proof that this sum did not represent the entire damage, and that the difference in its value before and after the accident exceeded the sum allowed by the jury.

We are of the opinion, however, the appeal must be granted and a reversal ordered because of prejudicial error in one of the instructions given to the jury, over defendant's objection and exception.

Instruction No. 1, after enumerating defendant's duties in the operation of his automobile at the time of the accident, contains this clause:

> "And if the automobile driven by Miss Ludie Hollowell was passing or about to pass another automobile going in an opposite direction to which she was going the right of way was theirs and the defendant, Koltinsky, did not have the right to pass the automobile driven by Miss Ludie Hollowell at the time."

While there was some evidence of another automobile approaching in the opposite direction from that in which both Miss Hollowell and the defendant were going at the time of the accident, it was some distance ahead of them and had nothing whatever to do with the accident. Even if it had been passing or about to pass plaintiff's automobile at the time of the accident, that fact could not have affected defendant's right to pass plaintiff's car on the left so far as plaintiff was concerned, and could only have affected the rights of the defendant and the approaching car to the space on the left of plaintiff's car if they had collided. Besides, there was ample space for all three cars to have passed safely, and this clause of the instruction was clearly erroneous under any view of the evidence.

It is also prejudicial, and may account for the verdict, since defendant admitted he was attempting to pass plaintiff's automobile from behind and on the left side at the time of the accident, and there was, as already indicated, some evidence from which the jury may have concluded the automobile approaching from the opposite direction was about to pass plaintiff's automobile at the time.

This instruction should also be amended with reference to the defendant's duty in the matter of the speed at which he was operating his car, as is directed in the case of Moore v. Hart, 171 Ky. 725, 188 S. W. 861.

Wherefore the appeal is granted, the judgment reversed, and the cause remanded for another trial consistent herewith.