## Jefferson Garage v. Salatin.

(Decided March 28, 1930.)

DAVID R. CASTLEMAN for appellant.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

A. H. Moser does business in Louisville, Ky., under the trade-name of the Jefferson Garage, and seeks by this appeal to reverse a judgment for $650 recovered against him.

On the 17th of March, 1928, Clarence Salatin bought an Oldsmobile coupe and paid therefore $1,095. On March 26, 1928, he stored this automobile in the Jefferson Garage, and paid one month storage in advance. Without the consent of Salatin, some one took this car

out of the garage on March 31st and wrecked it. Just who took it out is not known, but an employee of the garage disappeared on that day and it is supposed he did it.

The plaintiff called Moser as a witness, and asked Moser what was the condition of the car when he found it and he said: "Everything was wrecked, that was all."

Salatin had insurance on his car, and the insurance company undertook to repair it and paid a .repair bill of $299.45 thereon. This car had been driven less then 400 miles when it was wrecked. The estimates made by the witnesses on the difference in market value of the car before the wreck and after, ranged from $540 to $995.

After the repairs were made, the best trade-in value on his car that Salatin was able to get on a trade for a new car of the same kind was $400.

Salatin sued the garage for $790 damages to the car. After the repairs were made, the foreman of the shop that repaired the car was asked this question about the repaired car and made this answer:

"Q. You couldn't have told that car had ever been in an accident, if you didn't know, could you? A. You would if you had to pay the repair bills on it."

The jury returned a verdict for $650 upon which judgment was entered. The garage relies for reversal upon an alleged error in the instruction which consists in this: That the court instructed the jury to find for Salatin the difference between the fair and reasonable value of the car immediately before and immediately; after the wreck, deducting therefrom the $299.45 for repairs paid by the insurance company. The Jefferson Garage contends that instead of the words "fair and reasonable value," the instruction should have contained the words "market value." Technically that is true, but before we can reverse a judgment the substantial rights of the appellant must have been prejudiced. See sections 134, 338, and 756 of Civil Code of Practice and these cases:

Consolidation Coal Co. v. Baldridge, 166 Ky. 188, 179 S. W. 18; Chesapeake & O. Ry. Co. v. Shamblen, 166 Ky. 789, 179 S. W. 837; Chesapeake, N. O. & T. P. Railway Co. et al. v. Troxell, 150 Ky. 185, 150 S. W. 41;

688

Southern Railways in Kentucky et al. v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162; Cincinnati, New Orleans & Texas Pacific Railway Co. v. Sweeney, 166 Ky. 360, 179 S. W. 214; Weil et al v. Hagan, 161 Ky. 292, 170 S. W. 618; Koltinsky v. Hollowell, 203 Ky. 218, 262 S. W. 6.

As all of the evidence was directed to the difference between the market value of this machine as it was before the accident and its market value as repaired after the accident, the jury could not have been misled by the instruction given.

We find no substantial error to the prejudice of the appellant.

The judgment is affirmed.