## Gheens v. Bush et al.

(Decided March 22, 1935.)

B. M. HARWOOD for appellant.

L. S. GRAUMAN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

C. Edwin Gheens brought this suit against William Bush, Mary Connors, and Martin J. Connors to recover the sum of $700 for rent alleged to be due. In his petition he alleged that he owned a building located at the corner of Fifth and Broadway in Louisville, Ky., and that the defendants had used and occupied a storeroom on the first floor of the building for seven months beginning March 3, 1932, and that the use and occupation of the property was worth $100 per month.

The three defendants filed an answer in the first paragraph of which they admitted that they had had the use and occupation of the storeroom described in the petition from March 3, 1932, until October 3, 1932, but denied that the use and occupation of the property was worth the sum of $700, or any sum in excess of $350. Paragraph 2 was a denial of the grounds set out in the amended petition for an attachment. In paragraph 3 they admitted that they were indebted to the plaintiff in the sum of $350 which, they alleged, was the fair and reasonable rental value of the property. Paragraph 4 was a counterclaim in which the defendants alleged that they were the owners of certain supplies, machinery, and equipment, used in the operation of a printing shop, which were located in the storeroom described in the plaintiff's petition; that on four occasions, in

April, June, and July, 1932, water pipes, which were maintained by the plaintiff in other parts of the building under his control, leaked and permitted water to flow into the storeroom occupied by the defendants, thereby damaging their supplies, machinery, and equipment in the sum of $1,405.40; and that such damage was caused by reason of the negligence and carelessness of the plaintiff in failing to keep in good condition the water pipes in other parts of the building owned by him and not in the possession of the defendants, and in permitting water to leak upon the defendants' property.

A reply completed the issues, and on the trial of the case the jury found that the fair and reasonable rental value of the property was $65 per month, and on the counterclaim it returned a verdict for the defendants in the sum of $930.

It is first argued that the judgment entered upon the verdict is erroneous because no judgment should have been rendered in favor of Martin J. Connors. This argument is based upon the theory that Martin J. Connors had no interest in the property alleged to have been damaged, and, further, because in the prayer of the answer judgment on the counterclaim was asked only in favor of William Bush and Mary Connors. This was evidently an inadvertence, and was treated as such by the parties. The appellant in his petition alleged that Martin J. Connors was interested in the supplies, machinery, and equipment located in the storeroom, and that he and his two codefendants had used and occupied the room for a period of seven months, and that they were indebted to plaintiff for the rent. In his affidavit for an attachment he stated that the defendants had moved certain machinery and equipment from the premises, and were about to dispose of their property. He executed a bond in which he undertook to pay to the defendants, including Martin J. Connors, the damages, not exceeding $1,400, which they might sustain by reason of the attachment if the order therefor was wrongfully obtained. The order of attachment directed the sheriff to attach the property of the three defendants, and in his return the sheriff stated that he executed the order of attachment by delivering a copy to Martin J. Connors and at the same time levying on his interest and the interest of William Bush and Mary

Connors in certain personal property located in the storeroom in question. The property was left in the custody of Martin J. Connors as special bailiff. The three defendants executed a forthcoming bond. In their answer the defendants alleged that they were the owners of the machinery and equipment located in the plaintiff's building, and Martin J. Connors admitted that he and his codefendants were indebted to plaintiff for the rent. The proof shows that Martin J. Connors was interested in the property. The case was practiced on that theory, and it is too late now to raise the question.

Appellant complains of the character of testimony introduced by appellees in stating their claim for damages. Much of it was directed to the cost of repairing the damaged machinery. Where damaged personal property can be repaired, the measure of damages is the difference between its reasonable market value immediately before the injury and its reasonable market value immediately after the injury, and in the instant case the court so instructed the jury. However, evidence as to the cost of repairs necessary to restore the property to its former condition was properly admitted. Such evidence is admissible on the question of value, and the necessary cost of repairs is an element to be considered by the jury in arriving at the value of the property immediately before and immediately after the injury. Southern Railway in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162.

Since there was no agreement by appellant to keep in repair the room occupied by appellees, it is insisted that appellant is not liable for the damages to appellees' machinery and equipment. Under the common-law rule, which is in force in this state, the landlord is not required to make repairs during the term for which he has rented the premises to the tenant (Logan v. Langan, 145 Ky. 599, 140 S. W. 1031), and where injury occurs to personal property of the tenant, due to defects in the leased premises, the landlord is not liable; but this case does not fall within that rule. Here the defective water pipes were in the custody and under the control of the appellant. They were located in other parts of the building over which appellees had no control, and if the leaks were caused by the negligence of the appellant he is liable for such damages as appellees suffered

544

as a result therefrom. Ideal Furniture Co. v. Mazer, 234 Ky. 665, 28 S. W. (2d) 974.

While the damages allowed on the counterclaim are large, there was evidence authorizing the amount found by the jury, and we are unable to say the verdict is flagrantly against the evidence.

The judgment is affirmed.