## Pope's Adm'r v. Terrill.

October 15, 1948.

264

H. D. Parrish, J. P. Chenault and Geo. T. Ross for appellant.

Stanley Powell for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In a collision between a Ford car being driven by Dr. Russell L. Pope and a tractor-trailer truck driven by its owner, R. G. Terrill, on a street in Richmond, October 14, 1945, Dr. Pope was killed and his car practically destroyed. The tractor was badly damaged. A suit for damages was filed by Dr. Pope's administrator against Terrill. Shortly thereafter, suit was filed by him against the administrator to recover damages to the truck and for loss of its use while being repaired.

Issues were joined in each case on the respective pleas of primary and contributory negligence. Eventually, the cases were consolidated for trial.

On the trial the administrator first introduced evidence in his suit, and the court having expressed a purpose to give a peremptory instruction for the defendant, it was dismissed without prejudice. The trial of Terrill's suit proceeded and a verdict for the plaintiff was returned. It was for $1,221.72 for damages to the truck and $600 for the loss of its use.

On this appeal from the judgment entered thereon, it is urged that the court erred in refusing the defendant's offered instructions on contributory negligence, joint negligence and last clear chance. We think the ruling was proper. The entire evidence, with no substantial contradictory proof, shows that Dr. Pope was running his car at a high speed, and as he approached the truck, struck the rear corner of a parked automobile

and caromed in front of the truck. The evidence does not sustain the appellant's claim that the truck was being driven at an unlawful speed or with blinding lights.

The plaintiff had alleged that the difference in the market value of his tractor immediately before and after the collision was $1,221.72. In his testimony he listed three items aggregating that sum, namely, a repair bill of $950.88, a new tire, $120.84, and for towing the damaged machine to Chattanooga (where he could get the repairs made quicker and at less cost), $150.00. However, by himself and other qualified witnesses the difference in the market values was placed at $1,500 and $1,521.72 respectively, it being explained that the machine was not in as good condition after being repaired as it was before injury. The appellant insists that as there was no specific plea of the expense of towing the machine, it was error to include the item. It was stated only in the evidence, the instructions following the approved form for damage to personal property, and limiting the recovery to the sum stated in the pleading, $1,221.72. The jury allowed this exact sum for "repairs to truck." Of course, that is not strictly accurate, but it does state the amount which it had cost the plaintiff to have his machine repaired, for, obviously, it had to be taken to a machine shop somewhere by reason of being wrecked. That was an item of cost incurred in the restoration to usable condition. The necessary cost of repair is an element to be considered by the jury in arriving at the respective values at the time and place of the injury. Southern Ry. Co. v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162; Gheens v. Bush, 258 Ky. 540, 80 S. W. 2d 581.

The plaintiff introduced evidence that the rental value of a truck like that damaged was $50.00 or $30.00 or $25.00 a day, or ten to fourteen cents a mile on a mileage basis, and that he was deprived of its use sixty-three days. The aggregate pleaded was $1,575. The instruction submitted the item of special damage as a reasonable compensation for the loss of the use of the truck during the period necessary to effect repair made necessary by the collision, the form substantially following that approved in Louisville & Interurban Ry. Co. v. Schuester, 183 Ky. 504, 209 S. W. 542, 4 A. L. R. 1344,

1345. The appellant submits it was improper to submit the item since there is no evidence that the plaintiff could have or would have kept his truck in operation during all or any part of the period had it not been damaged.

It was once regarded by this court that the difference in values of a chattel at the time and place of damage was the full measure of recovery. Later, it was held that interest on the value of the property from such time might be awarded also in the discretion of the jury, or, in some instances, by election of the plaintiff, the value of the use of the property while being repaired might be recovered. On a review of the law in Louisville & Interurban Ry. Co. v. Schuester, supra, it was definitely laid down that in addition to the difference in market values, the owner, specially pleading and proving it, may recover for the loss of the use of a commercial automobile for the reasonable time he was deprived of that use as the proximate and natural result of its damage. Subsequent cases are Chesapeake & Ohio Ry. Co. v. Boren, 202 Ky. 348, 259 S. W. 711; Towles v. Perkins, 266 Ky. 25, 98 S. W. 2d 27; Barr v. Searcy, 280 Ky. 535, 133 S. W. 2d 714; Kentucky Transport Co. v. Campbell, 299 Ky. 555, 186 S. W. 2d 409; Louisville & Nashville Ry. Co. v. Blanton, 304 Ky. 127, 200 S. W. 2d 133.

The rental value of a vehicle may not always be the equivalent of the amount of loss from being deprived of the use of a given machine. Perkins v. Brown, 132 Tenn. 294, 177 S. W. 1158, L. R. A. 1915F, 723, Ann. Cas. 1917A, 124. But it is always a material and relevant factor in helping to ascertain the value of the loss of use. And where a commercial automobile is involved, the market rental value of such a machine is probably as accurate a measurement as may be produced. The question is whether this covers mere potential loss, or the value of potential use, as where the owner does not hire another truck during the process of repair. It is generally held that such failure does not preclude recovery, although the good faith intention of actually using, or the character of such intended use, may affect the amount of recovery. 25 C. J. S., Damages, sec. 41; 15 Am. Jur., Damages, secs. 129, 132; Annotations, 4 A. L. R. 1355, 169 A. L. R. 1087.

It does not appear that this court has made a definite declaration on the precise abstract point one way or the other, the evidence in our several cases not requiring it. And it is not necessary to explicitly do so here. But in point of principle that is the proper criterion of complete compensation, subject to specific conditions; for example, one may have needed and desired to use another car and have been unable to rent one, as in Chesapeake & Ohio Ry. Co. v. Boren, supra. In Kentucky Transport Co. v. Campbell, supra, it appeared the plaintiff had not used another truck during the period his was being repaired, and his evidence was to the effect only that when he had used his own truck he had earned an average of $50.00 a day. Since the amount included his personal services and profits in trading, the instruction authorizing recovery for loss of use of the machine was improper.

The evidence in the case at bar, it would appear, might have been made very definite on the points suggested with respect to proving actual loss of use. It is deducible that the plaintiff did not in fact rent another truck in substitution. However, it is as equally as reasonable an inference that he would have been using his tractor during the whole time had it not been damaged. He stated his occupation to be that of an "operator of trucks leased to R. L. Dance Trucking Company of Cincinnati," and that he had been engaged in the trucking business for thirteen years and operating machines of this tractor-trailer class for seven years. At the time of the accident he owned and was operating three trucks in hauling between Cincinnati and North Carolina, via Chattanooga. It was held sufficient in Towles v. Perkins, supra, to authorize recovery for loss of use of an automobile where it was being used regularly in the plaintiff's business. Here, the plaintiff had three different trucks, all of which were being used in his business on some sort of rental basis. It may be reasonably inferred that this one would have been continued to be so used. The verdict on this account was less than half of the lowest estimate in the evidence and the amount of recovery the instruction permitted. The presumption being in favor of the verdict, we can not say that the loss was not established with reasonable certainty.

The judgment is accordingly affirmed.