## ECKLAR–MOORE EXPRESS, Inc.
## v. HOOD et al.

Court of Appeals of Kentucky.
March 13, 1953.

Earl C. Frankenberger, Louisville, for appellant.

William Kiel, Mayer, Cooper & Kiel and H. Bemis Lawrence, Louisville, for appellees.

CULLEN, Commissioner.

In an action to recover for damage done to a large semi-trailer owned by the appellee, Arthur Hood, while being operated under a trip-lease arrangement by the appellant, Ecklar-Moore Express, the jury returned a verdict for Hood in the amount of $2,205. Ecklar-Moore appeals from the judgment entered on the verdict. The main issue concerns the amount of damages.

Although the appellant purports to base its argument on alleged errors in the admission of testimony, we think the argument actually is that the evidence does not support the verdict and that the damages are excessive. No complaint is made about the instructions, which authorized recovery of the difference in fair market

value of the semi-trailer immediately before and immediately after the accident, and a sum for loss of use of the semi-trailer during the time reasonably necessary for its repair.

The damage to the semi-trailer consisted of a deep scratch or dent along one side of the aluminum body; broken plywood panels on the inside of the body; smashed rear lights; and a steel cross member torn loose from below the body at the back of the trailer. The trailer was practically new at the time of the accident, having been purchased by Hood just one week before.

The only estimates as to difference in market value before and after the accident were those made by Mr. Hood and his son, who claimed, by reason of experience in the trucking business, to be acquainted with the market value of trucking equipment, and who placed the difference in value from $1,400 to $1,600. Mr. Hood further testified, on direct examination, that he was "out approximately $1,000 on repairing the trailer," and that the repairs did not place the trailer in as good a condition as it was in prior to the accident.

On cross-examination of Mr. Hood, it was developed that the actual cost of repairing the damage was $550.50. Counsel for Ecklar-Moore then attempted, by further questioning of Mr. Hood, to bring out that he had included, in his estimate of $1,000 repair costs, the cost of repairing two axles that broke some 10 or 11 months after the accident in question. The rulings of the court on this line of questioning were somewhat confusing, but we think it was reasonably clear to the jury that the court was ruling that Hood could not recover for the cost of repairing the broken axles. In fact, the appellant states in its brief that the court "properly excluded testimony concerning the broken axles as a proper item of damages."

■ The appellant indirectly argues that the damages should have been limited to the actual cost of repairs. The argument is untenable. The measure of damages, in this state, for injuries to personal property is the difference between the reasonable market value immediately before and immediately after the injury. Louisville & N. R. Co. v. Lankford, 304 Ky. 192, 200 S.W.2d 297. Evidence as to the cost of repairs is admissible as bearing on the question of difference in value, Gheens v. Bush, 258 Ky. 540, 80 S.W.2d 581; but where there is competent evidence that the difference in value exceeds the cost of repairs, the recovery is not limited to the cost of repairs. Koltinsky v. Hollowell, 203 Ky. 218, 262 S.W. 6.

■ The verdict in this case allowed $1,400 as damages to the semi-trailer, which was the maximum sum allowable under the pleadings and instructions. The testimony as to difference in value was sufficient to support the verdict, and the jury was not required to limit recovery to the cost of repairs.

The verdict included $805 for loss of use of the semi-trailer for a period of four weeks. The evidence shows that the semi-trailer was left standing idle at the terminal of Eckler-Moore for three weeks, before Hood took it to the plant of the manufacturer, where it was repaired in one week. The testimony of Hood was that he was holding discussions with Ecklar-Moore, during this three-week period, concerning the extent of the damage and as to where and by whom the repairs should be made.

■ The appellant contends that the recovery for loss of use should have been limited to the one week required to actually make the repairs. The rule is that recovery may be had for loss of use during the time required, by the exercise of proper diligence, to procure the repair. Towles v. Perkins, 266 Ky. 25, 98 S.W.2d 27. This rule was embodied in the instructions. Under the evidence we cannot say, that as a matter of law, Hood acted unreasonably in delaying the commencement of repairs for three weeks while the question of where and by whom the repairs should be made was being discussed with Ecklar-Moore.

■ It appears that Ecklar-Moore originally obtained possession of Hood's semi-trailer through the hands of Riss and

Company, another motor carrier, who had made the lease-trip arrangement with Hood. Riss and Company were made defendants in Hood's action for damages, but were given a peremptory instruction in their favor. Ecklar-Moore now contends it was error to take from the jury the question of the joint liability of Riss and Company. This contention obviously has no merit, because, as between Riss and Company and Ecklar-Moore, the latter would be solely responsible for the damages that admittedly were caused by its own employes.

The judgment is affirmed.