**James T. NICHOLSON et al., Appellants,**

v.

**Robert Milton SANDERSON, Appellee.**

Court of Appeals of Kentucky.

June 15, 1962.

H. M. Tye, Barbourville, for appellants.

Charles G. Cole, Jr., Earl Cole, Barbourville, for appellee.

WADDILL, Commissioner.

Appellee, Robert Sanderson, obtained a judgment of $3,004.25 against appellants, James Nicholson and his driver, Clarence Ware, as damages resulting from a collision involving their automobiles. Appellants contend the trial court erred: In di-

recting the jury to find in favor of appellee; in excluding certain evidence; and in interfering with the deliberations of the jury.

During the rainy afternoon of August 28, 1959, appellee was driving his station wagon behind a pickup truck on U.S. Highway #25–E when he saw the Nicholson car approaching him from around a bend in the road. Both cars were then traveling approximately 45 miles an hour and were about 300 feet apart. After the Nicholson car had executed the curve it slid across the center line, sideswiped the pickup truck and crashed into appellee's car. The vehicles were extensively damaged and appellee sustained numerous cuts and bruises.

■ Appellants contend that appellee was not entitled to a directed verdict because he did nothing to avert the accident. Appellee testified without contradiction that he had less than three seconds in which to act after he saw that the Nicholson car was out of control. We also observe that appellant Ware's version of the accident substantially confirmed that of appellee. Under these circumstances the contention is unavailing. Consequently, we believe the trial court correctly ruled that Ware's negligence, in negotiating the curve at a speed of 45 miles an hour during a heavy rain and on a highway he had previously observed to have mud on it, was the sole proximate cause of the accident.

■ After appellee had established by a qualified witness the difference between the reasonable market value of his car immediately before and after the collision, appellants' counsel asked this witness to state what he had estimated the cost would be to restore the car to its pre-accident condition. Before an objection was interposed the witness answered the question. Appellee's counsel then objected, and requested that the jury be admonished not to consider the answer because the claim for damages to the car was not predicated upon the cost of repairing it. The trial court admonished the jury accordingly. While the testi-

mony as to the cost of repairing appellee's automobile was competent (Pope's Adm'r. v. Terrill, 308 Ky. 263, 214 S.W.2d 276), the court's ruling was not prejudicial since it appears that the cost of repairing the automobile was consistent with the reduction in the reasonable market value of the car.

■ Appellants claim that the trial judge coerced the jury to reach a verdict. This is based on the allegation that he interrupted the deliberation of the jurors to inform them that they should "hurry up with that verdict." While the conduct of the trial judge is subject to criticism, we are unable to say that it resulted in coercion, particularly since there is no showing as to the length of time the jury considered the case after these remarks were made. Abbott v. Commonwealth, Ky., 352 S.W.2d 552. We find no merit in the contention that the trial judge abused his discretion in explaining a form he had prepared for the jury's use in recording its verdict.

Judgment affirmed.