## Kentucky Utilities Company v. Howard.

(Decided June 20, 1924.)

### Appeal from Harlan Circuit Court.

1. Electricity—Instruction on Negligence as to Pedestrian Injured by Pole Hole Held Not Warranted by Evidence.—Where the only question under evidence was whether power company exercised ordinary care in simply covering pole hole with boards for night or was negligent in failing to adopt some other and more effective means of protection, instruction to find for injured pedestrian if jury believed that defendant failed to exercise care "by leaving the said hole open, or by failing to keep it safely covered, or by failing to leave and keep some sort of a signal light or warning to place the public on its notice of such hole or obstruction," was unwarranted, it appearing that planks placed over hole had been removed presumably by small boys.

2. Electricity—Care Required in Leaving Pole Hole in Street.—It was duty of power company leaving electric light pole hole in street for night to exercise ordinary care to keep it in such condition that it would not be dangerous to traveling public.

3. Electricity—Negligence in Covering Hole in Street Held for Jury. —Whether power company leaving hole in street at night exercised ordinary care by simply placing planks over hole, which were presumably removed by children, held for jury.

4. ˙ Appeal and Error—Instruction Held Not˙ Harmless in View of Pleading.—Where injured pedestrian only complained of power company's negligence in failing to guard hole in street during night, and it was therefore practically admitted that defendant had authority to dig hole, it cannot be said that an erroneous instruction as to proper manner of guarding hole was harmless because defendant did not show its right to dig hole in street.

5. Appeal and Error—Trial—Court should Not Instruct on Contributory Negligence in Absence of Plea Thereof, but Doing so Not Prejudicial to Defendant.—Where defendant did not plead contributory negligence, and objected to court's giving an instruction thereon, it was error to instruct thereon, but not prejudicial to defendant.

6. Damages—Instruction as to Damages for Personal Injuries Erroneous.—An instruction in action for personal injuries authorizing "such damages as you may believe from the evidence he has sustained, if any, by reason of the injuries received, if any, and the physical pain and mental suffering caused to him, if any, by reason of such injury," failed to afford basis for determining amount.

7. Electricity—Trial—Court should have Instructed for Power Company if Jury Believed Ordinary Care was Exercised to Keep Street Safe, and should have Defined "Ordinary Care."—Court should have instructed, for defendant power company, that if jury believe from evidence it exercised ordinary care to ˙keep street safe for travel, by covering hole into which plaintiff fell with boards as. described in evidence, and should have defined "ordinary care."

ROBERT C. GORDON, HALL. JONES & LEE and BRUCE,. BULLITT & GORDON for appellant.

J. S. FORESTER, T. T. BOWLING and W. A. BROCK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On August 23, 1919, the appellant dug a hole, about 4 1-2 feet deep and something more than two feet in diameter, in one of the public streets of the town of Evarts, intending to place therein one of its electric light poles. At about nine o'clock that night the appellee fell into the hole, and for injuries so received he recovered a judgment herein for $1,000.00.

The grounds assigned for reversal are, that the court erred in giving and refusing instructions, and that the verdict is excessive. ˙˙

Instruction No. 1 reads as follows:

"The court instructs the jury that it was the duty of the defendant in regard to the hole described

in the petition and answer, to exercise ordinary care to keep it in such condition that it would not be a dangerous obstruction to the public traveling along the usual public travelway of Evarts, Ky., and if you shall believe from the evidence that it failed to exercise that degree of care, and by reason thereof, *by leaving the said hole open, or by failing to keep it safely covered, or by failing to leave. and keep some sort of a signal light or warning to place the public on its notice of such hole or obstruction,* the plaintiff fell into said hole and was injured thereby, then the law is for the plaintiff and the jury should so find, unless you shall believe from the evidence that at the time the plaintiff was negligent and by reason of his negligence he helped to bring about or cause the injury of which he complains.''

The insistence for appellant is that so much thereof as we have italicised should have been omitted because not warranted by the evidence, and that its inclusion amounted to a peremptory instruction to find for the plaintiff.

According to the undisputed evidence, the workmen for appellant, when they quit work at five o'clock that afternoon, covered the hole with planks, which had been removed between that time and when plaintiff fell into the hole, presumably by small boys who were seen playing about the hole after the workmen had left.

There was no evidence or claim that there was a signal light or other protection of any kind at the hole except the boards covering it, and the only question for the jury on the evidence was whether, under the circumstances described in the evidence, the defendant exercised ordinary care in simply covering the hole with boards or was negligent in failing to adopt some other and more effective means of protection.

As there was no evidence that the hole was left open by the defendant, the instruction was manifestly erroneous in suggesting to the jury that the defendant may have been guilty of negligence by so doing. Nor should the court have suggested to the jury that the defendant may have failed to exercise ordinary care "by failing to keep it safely closed," as the effect of this clause was, we think, to put upon the defendant the absolute duty in all events to keep it safely covered. Neither ought the court to have suggested to the jury the possible necessity, in the exercise of such care, of placing signal lights,

or any other particular kind of warning in addition to covering the hole, as there was no evidence of any such necessity.

We are therefore of the opinion that all three of these clauses should have been omitted from the instruction, because there was no evidence to support any of them, and that with these clauses omitted, the instruction would have been unobjectionable.

It is suggested, but not urged, in brief for the appellant, that it was entitled to a directed verdict because of the fact it was established without contradiction that its workmen covered the hole with planks when they quit work for the day, but this clearly is not true.

It was the duty of the defendant, as the instruction states, to exercise ordinary care to keep the hole in such condition that it would not be dangerous to the traveling public. It was therefore its duty to take such precautionary measures as ordinarily prudent men in like circumstances would have taken, and it was for the jury to decide whether or not, under all the proven circumstances, defendant exercised such care by simply covering the hole with planks.

For appellee it is insisted that this instruction, even if erroneous, was not prejudicial, because defendant neither alleged nor proved its right to dig the hole in the street, and therefore in so doing it committed a nuisance and was liable for injuries resulting therefrom, without reference to its care to guard it.

But the appellee, in his petition, only complained of appellant's negligence in failing to guard the hole, and it was therefore practically admitted upon the pleadings, as it was indeed throughout the entire trial, that the defendant had authority to dig the hole, and we cannot therefore, upon this account, say that the error in the instruction was not prejudicial to the defendant.

As the defendant did not plead contributory negligence, and objected to the court's giving such an instruction offered by plaintiff, the court should have omitted instruction No. 2, as well as the last part of instruction No. 1, which submitted the question to the jury, but we can not agree with the contention of counsel that appellant was prejudiced thereby.

Instruction No. 3, upon the measure of damages, is also erroneous, as is practically conceded by counsel for

appellee, in that it authorized the jury to award plaintiff:

> "such damages as you may believe from the evidence he has sustained, if any, by reason of the injuries received, if any, and the physical pain and mental suffering caused to him, if any, by reason of such injury."

The vice in such an instruction is, that it affords the jury no rule or basis for determining the amount of the damages to be awarded, as has been pointed out by this court in many cases. Lexington Railway Co. v. Britton, 130 Ky. 676, 114 S. W. 295; Weil v. Hagan, 161 Ky. 292, 170 S. W. 618.

The court did not err in refusing to give the instructions offered by the defendant, as none of them is correct either in form or substance, but, as suggested by all of them, the court should have told the jury, in substance, as was not done in any instruction given, that they should find for defendant if they believed from the evidence it exercised ordinary care to keep the street safe for travel by covering the hole with boards as described in the evidence; and "ordinary care" should have been defined.

The verdict also seems to us excessive, but that question will be left open, as another trial must be ordered for the errors in the instructions.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.