## Blackburn v. Depoyster.

(Decided May 19, 1925.)

## Appeal from Muhlenberg Circuit Court.

1. Livery Stable and Garage Keepers—Garage Keeper Required to Use Ordinary Care.—A garage keeper storing automobile is a bailee for hire, and, while not an insurer unless by special agreement, he must exercise that degree of care for protection and preservation of patron's property which ordinarily prudent man would exercise over his own property under similar circumstances.

2. Livery Stable and Garage Keepers—Garage Keeper Liable for Loss of Car Returned for Storage.—Where, according to general custom of patrons of garage, their cars kept at garage could be taken out and returned at will, day or night, garage keeper would be liable for loss for failure to exercise ordinary care for protection of such cars, notwithstanding he might not know that specific car had been returned nor specifically accepted it for bailment on return.

3. Livery Stable and Garage Keepers—Finding of Garage Keeper's Negligence Sustained.—In action against garage keeper for value of car stored with him, which owner had taken out and returned at night in his absence, and which was thereafter stolen, finding that garage keeper failed to exercise ordinary care held sustained on conflicting evidence.

EAVES & SANDIDGE for appellant.

HUBERT MEREDITH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Depoyster, stored his Ford coupe in the public garage of appellant, Blackburn, in Central City, in December, 1922, for one month, paying Blackburn five ($5.00) dollars, for the service, with the understanding and agreement, as claimed by Depoyster, that he should have the right to take the car out and return it to the garage at will, Blackburn to take care of the car and return it to Depoyster in the same condition as when received at any time on demand. Shortly after the car was placed in the garage Depoyster, a traveling salesman, took it out to make a trip to a nearby town with the purpose of returning it that afternoon or evening. Blackburn knew the car was taken out. According to Depoyster he returned the car to the garage about 8 or 8:30 p.

m. of the same day, but no one was in the garage and the lights were out though the door was unlocked. He claims he opened the door and drove the car inside the garage and then closed the door and propped it in the same manner it was found when he went to the garage, and went away and left his car in the garage. Next morning the car was gone, and appellant Blackburn was unable to explain its absence but that day gave out information to the newspapers that the car had been stolen from his garage. This suit was brought by Depoyster against Blackburn to recover the value of the car, $615.00, and a jury awarded him that sum, although Blackburn denied that the car had been placed in the garage after it was taken out by Depoyster, and denied that he was the keeper of a public garage. He also denied that he entered into an express contract with Depoyster by which he undertook to safely keep the car and return it to him in the same condition as when received, and further pleaded that the garage was not open for business at night, and that he did not know of the return of the car to the garage, if it were returned on the occasion mentioned in the evidence, and did not accept it for safe keeping on that evening, and, therefore, was not liable for its loss.

The evidence shows that Blackburn owned the garage in Central City in which he kept some taxis operated by himself, and in which he rented space to other persons for their cars and accepted cars to be kept in the garage at monthly rentals; that he lived over the garage, and in the operation of his taxi business frequently sent out cars at night. Appellee, Depoyster, testified that he placed his car in the garage with Blackburn on the night in question and closed the door, but that he did not see Blackburn or any agent or employe at the garage, and that the garage was not lighted. He testified, however, that by special agreement and understanding with Blackburn he had the right to leave the car in the garage at any time; and his witnesses testified it was a custom at the garage for persons storing cars there to take them out at all hours and return and leave them in the garage whether appellant, Blackburn, was present or not; and that several persons were storing cars in the garage about the time appellee's car was lost through theft. On these facts the case was submitted to the jury.

Appellant, Blackburn, insists that the trial court erred in overruling his motion for peremptory instruc-

tion because it was not shown that the car was in his possession on the night in question, or at least was not shown that he knew the car had been left in his garage, if it were so left. In argument he says that an acceptance is necessary in order to create a bailment, and that the law does not impose upon a garage keeper the duty of safely guarding automobiles of which he has no knowledge or information which are left on his premises by patrons. He next insists that the court erroneously instructed the jury in that it failed to require the jury to believe, before finding for the plaintiff, Depoyster, that appellant Blackburn knew the car had been left in his garage, and that with that knowledge accepted it for safe keeping. A bailee for hire of an automobile is liable to the owner for loss or injury thereto resulting from his own or servants' wrongful or negligent acts or omissions. The keeper of a garage must exercise that degree of care for the protection and preservation of the property of his patrons which an ordinarily prudent man would exercise over his own property under similar circumstances. He is not, however, an insurer of such property unless by special agreement he so undertakes. 28 Cyc. 43; Berry on Automobiles, 4th edition, p. 1233; Hudley on Automobiles, page 245.

It is often said by courts and law writers that the duty imposed upon garage keepers in respect to motor vehicles entrusted to them are similar in kinds and degree to that of a liveryman, and the rules that apply to one equally affects the other. A garage keeper with whom an automobile is left for storage is bailee for hire and as such he is under legal obligation to exercise such ordinary care as a man of reasonable prudence and discretion would exercise under like circumstances with respect to his own property. Roberts v. Kinley, 89 Kansas 885; Babbitt's Law of Motor Vehicles, third edition, page 498; Goodyear Tire Company v. Altamont Hotel, 206 Ky. 494, 3 R. C. L. 96.

The court instructed the jury in the instant case, first, on the law governing bailees where there is an express contract to safely keep and redeliver a bailment, which instruction is not seriously criticized by appellant. The second instruction presented the common law controlling such bailments, the court saying to the jury, "that although it should not believe from the evidence that there was an express contract to safely keep the car,

yet if the jury believed from the evidence that Blackburn failed to exercise such care as is usually exercised by an ordinarily prudent person under the same or similar circumstances for the safe keeping of the car and that by reason of such failure, if any, the car was stolen and not returned to Depoyster," to find for him. The third instruction presented Blackburn's defense, the jury being told that if the appellee, Depoyster, after placing the car in storage with appellant, Blackburn, took the car from the garage and kept it in his possession and custody; and that it was lost or stolen during such time, to find and return a verdict for Blackburn.

The only question of consequence in this case is, whether the car was placed in the garage on the night in question, and if so, was it in the possession of appellant, Blackburn, as bailee, within the meaning of the law? For if it were placed in the garage as claimed by appellee, Depoyster, he is entitled to recover for its loss, unless appellant, Blackburn, is excused from liability on the ground that he did not know of the car being placed in his garage, and did not, therefore, accept it under his contract of bailment. It must be conceded by all that under our law, as generally held by courts throughout the country, appellant, Blackburn, would have been liable for the loss of the car had it been taken from his garage by theft at any time before appellee, Depoyster, took it out to make the trip. Pennyroyal Fair Association v. Hite, 195 Ky. 732; 14 L. R. A. (N. S.) 1089; Goodyear Tire & Rubber Co. v. Altamont Hotel Co., *supra*. If, however, Depoyster, as contended by him, had a right to store his car in the garage and the additional right to take it out and return it at will, and he did in fact make such an arrangement with appellant, Blackburn, or it was the custom of those storing cars in the garage of Blackburn to take them out and return them at will, even as late as 8:30 at night, in the absence of appellant, Blackburn, and his agents, and pursuant to the express contract or to the general custom among patrons of that garage, existing at that time, appellee, Depoyster, did place his car in the garage on the night in question in the way claimed by him, then the bailment which originated when appellee, Depoyster, and appellant Blackburn entered into the original contract for the storing of the car, became operative, and the car was in truth and in legal contemplation in possession of the keeper of the

garage in the same way and with the same responsibilities upon him, as if he had been present at the time the car was placed in the garage and had accepted it for storage and had himself closed the door after the car was placed in the garage. The evidence as to whether there was an express contract is in dispute, the appellee testifying that there was, while appellant stated there was no such contract. This was a question of fact for the jury. If the specific contract to safely keep the car was made then, of course, the garage keeper is liable for its loss, or if the general custom of patrons of that garage was to take out and return their cars at will, day or night, and following that custom appellee, Depoyster, took out and returned his car, as contended by him on the day in question, the keeper of the garage was liable under the common law. Every keeper of a public garage who stores cars for pay holds himself out to the public as prepared to take care of automobiles, and is bound in law to exercise ordinary care to prevent such vehicles being stolen and carried away from the garage while in his keeping, and if he fails to exercise such care he is liable for the loss. This was stated as the law by the court in its instructions to the jury in the instant case and the jury under the facts found that the keeper of the garage failed to exercise the care which an ordinarily prudent man would exercise under like circumstances for the preservation of similar property. We find no reason for disturbing the judgment, and it is affirmed.

Judgment affirmed.