## Kentucky Motors Company v. Kelly.

(Decided March 9, 1928.)

### Appeal from Harlan Circuit Court.

1. Automobiles.—Evidence to show that garage company was negligent as to fire which destroyed automobile accepted for repairs held sufficient to warrant submission to jury.

2. Automobiles.—Garage company undertaking to repair automobile was bailee for hire in respect thereto, and therefore was liable for any loss or injury resulting from its ordinary negligence.

3. Automobiles.—Question whether garage company undertaking to repair automobile agreed with owner to keep it safely and return it to him, thus enlarging its responsibility as bailee, held for jury.

4. Automobiles.—Where garage company undertaking to repair automobile was bound to exercise ordinary care to prevent its destruction by fire, refusal to give instruction defining ordinary care held error, in view of technical significance of term.

5. Appeal and Error.—Motion to strike out bill of exceptions and transcript of evidence because of failure to comply with Civil Code of Practice, secs. 333-339, governing preparation and filing of bills of exceptions, will be denied where there is substantial compliance with requirements of statute.

FORESTER & CARTER for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellee, Dr. Frank Kelly, instituted this action in the Harlan circuit court against appellant, Kentucky Motors Company, to recover damages for the destruction of his automobile in a fire which consumed the latter's garage in the city of Harlan. It was alleged in the petition that on the 26th day of December, 1925, the appellee delivered to appellant his automobile to be repaired, and that appellant agreed to safely keep it and return it on Sunday afternoon or Monday morning. The fire occurred on Sunday night, December 27, 1925. It was also alleged in the petition that the fire was the result of gross

carelessness and negligence of appellant, its agents and servants in charge of its business. On a trial of the case, the jury returned a verdict for $500 for appellee.

Appellant is seeking a reversal of the judgment entered thereon because the verdict is flagrantly against the evidence and the court erred in instructing the jury.

Appellee testified that he took his automobile to appellant's garage to have it repaired, and that Morris Phillips, who was in charge of the garage, promised that it would be promptly repaired and would be ready for delivery on Sunday afternoon or Monday morning, that he informed Phillips that he would count on the car being kept safely and cared for, and that Phillips assured him he would take care of the car and return it the following afternoon or Monday morning. He further testified that he went to the garage on Sunday afternoon and found it closed, but, looking through a window, saw a fire in the stove in the office and the blaze gushing from the door of the stove; that there was rubbish on the floor around the stove consisting of paper and grease-soaked waste. The testimony for appellant tended to contradict much of appellee's testimony, and, while the evidence as to any negligence causing the fire on the part of appellant or any of its agents or servants in charge of its building is slight, we are not prepared to say that the verdict is flagrantly against the evidence.

The appellant was a bailee for hire in respect of the appellee's automobile and therefore liable for any loss or injury resulting from its ordinary negligence. Whether or not it agreed to safely keep the automobile and return it to appellee and thus enlarged its responsibility as bailee was a question for the jury to determine.

No complaint is made of instruction No. 1, which in substance told the jury they should find for the plaintiff if they believed the defendant could, by the exercise of ordinary care, have prevented the destruction of the automobile by the fire referred to in the proof, and that by reason of its failure to exercise such care the automobile was destroyed.

The appellant requested the court to give an instruction defining ordinary care, and offered such an instruction, which the court refused to give. Under the facts of this case, we think the term "ordinary care" was of such technical significance as to require a definition by the court, and the failure of the court to give such an instruction as the appellant requested was error. Kentucky

Utilities Co. v. Howard, 203 Ky. 829, 263 S. W. 360; City of Bowling Green v. Peterson, 199 Ky. 311, 251 S. W. 187; Denver, etc., Railroad Co. v. Norgate, 141 F. 247, 72 C. C. A. 365, 6 L. R. A. (N. S.) 981, 5 Ann. Cas. 448. Upon another trial of the case, if the evidence is substantially the same, the court will submit to the jury, in instruction No. 2, the question whether or not the appellant agreed to safely keep the automobile, and this instruction will then properly present the law applicable to the alleged special contract. Blackburn v. Depoyster, 209 Ky. 105, 272 S. W. 398. The following will be added to instruction No. 1: "Unless you find for plaintiff under instruction No. 2."

Appelleee has filed a motion to strike from the record the bill of execeptions and transcript of evidence because of a failure to comply with the provisions of title 9, c. 2, art. 4, of the Civil Code, governing the preparation and filing of bills of exceptions, but a careful inspection of the record discloses a substantial compliance with the requirements of the Code, and the motion is overruled.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.