### Fenton Dry Cleaning & Dyeing Company v. Hamilton.

(Decided November 30, 1928.)

Appeal from Kenton Circuit Court
(C., C. L. & E. Division).

1. Automobiles.—Driver of truck had general duty of keeping lookout and having machine under reasonable control in order to avoid injuring persons on street.

2. Automobiles.—In action for personal injuries to three year old child, struck by truck in street, evidence relative to negligence of truck driver in failing to keep lookout, so as to avoid injury, held sufficient for submission to jury.

3. Automobiles.—Instruction that driving truck at greater speed than 14 miles per hour was prima facie evidence of unreasonable and improper driving, where accident was shown to have occurred within city limits, held erroneous, without evidence that truck was of capacity of more than one ton, so as to come within Ky. Stats., sec. 2739g-51, subsec 5, limiting speed of truck of such capacity to that specified in instruction.

4. Constitutional Law.—Ky. Stats., sec. 2739g-51, subsec. 5, relating to speed of trucks of capacity of more than one ton, but less than

2¾ tons, held not unconstitutional, as discriminatory in favor of automobiles, in absence of clear and convincing evidence that there was no reasonable basis for classification.

5. Damages.—Instruction in personal injury action, authorizing jury to award plaintiff such sum as they believed was caused as direct and proximate result of injuries, not exceeding amount claimed, held erroneous, as authorizing jury to award damages in any amount.

ROUSE & PRICE for appellant.

A. L. INSKEEP for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

In this action for personal injuries by Richard Hamilton, suing by his next friend, Elmer Hamilton, against the Fenton Dry Cleaning & Dyeing Company, plaintiff recovered a verdict and judgment for $500. Defendant appeals.

At the time of the accident plaintiff was about three years of age. He and other children were playing on or near the sidewalk on the north side of Elm street in the city of Ludlow, at a point 30 or 40 feet from the east line of the intersection of Elm street with Locust street. Appellant's truck was being driven by John E. Grady in an eastwardly direction on Elm street. At a point about 45 feet east of the east line of the intersection of the two streets the truck struck plaintiff and injured him. John E. Grady, the driver of the truck, testified as follows:

"I was traveling along Elm street and at the intersection of Elm and Locust I was driving anywhere from 15 to 18 miles an hour, and I noticed some children on the left-hand side of the street in front of Romans' grocery store; they were playing on the sidewalk there. I was looking straight ahead of me about 45 feet and when I hit the intersection I heard the crash and I got out of the truck and saw where the child's head hit the headlights."

He also testified that he began applying the brakes as soon as he heard the crash, and stopped within about 15 or 20 feet. The children whom he saw playing were close to the fence in front of the grocery, which is about 35 feet from the corner. The accident happened on the right-hand, or south, side of the street. After starting

into the intersection, he noticed the children, and thereafter paid no attention to them. He was looking straight ahead. For the defendant Mrs. Bessie Romans testified that at the time of the accident she was in the store waiting on a customer. The children were playing in the yard or in front of the store. The machine came up Elm street. The child was about halfway across the street, and ran directly in front of the machine. The machine was going at a moderate rate of speed. At the time there was a little girl after him with a stick. The boy ran about as fast as he could go for a three-year-old child. The child did not go directly across the street, but ran catercornered.

Appellant insists that upon this evidence it was entitled to a peremptory instruction. The argument is that the driver of the truck was under no duty to anticipate that the boy would leave a place of safety and expose himself to the peril of collision with the truck, and that the driver did not see the boy, and could not have seen him after leaving the sidewalk, in time to have avoided injuring him. It must not be overlooked that the driver of the truck was under the general duty of keeping a lookout, and having the machine under reasonable control. Though he says he was looking straight ahead, it is strange that, if that be the case, he did not see the boy before he was injured. It is not probable that the boy left the sidewalk after or as the truck was passing, and overtook the truck. It is more probable that he left the sidewalk when the truck was further away from the point of collision than he. In view of the driver's statement that he never saw the child until after the accident, it was a question for the jury whether or not he was keeping a lookout, and whether or not he saw or could have seen the child in time to avoid the injury.

Complaint is made of an instruction telling the jury that, if they believed from the evidence that the driver of the truck was driving at a greater speed than 14 miles per hour at the time of the collision, it was prima facie evidence of unreasonable and improper driving. The statute provides that, where a highway passes through the residence portion of a city or town, the speed limit for trucks of the capacity of more than one ton, but less than 2¾ tons, is 14 miles, and makes a rate of speed in excess of that prima facie evidence of unreasonable and

improper driving. Subsection 5, section 2739g-51, Kentucky Statutes. While there was proof that the accident occurred in the residence section of Ludlow, there was no evidence of the truck's capacity, and, that being true, the instruction should not have been given.

The further point is made that, in fixing the speed limit of trucks at less than that of automobiles, the statute is discriminatory, and therefore unconstitutional. It is true that the Supreme Court of Illinois, in the case of Consumers' Co. v. City of Chicago, 298 Ill. 339, 131 N. E. 628, after hearing evidence on the question, held that an ordinance requiring motortrucks of a rated capacity of 1,500 pounds or more to be equipped with fenders was invalid, as based upon an arbitrary classification, and as delegating to administrative officers of the city and to courts and juries the function of determining to whom it is applicable, and whether in a given case a motortruck is of 1,500 pounds' capacity or more, where the evidence shows that there is no known standard for rating the capacity of motortrucks. Whether, if similar evidence had been heard in this case, we would have reached the same conclusion, it is unnecessary to decide. In determining whether or not a vehicle may be stopped within a certain time, consideration must be given to mass and momentum, and, as trucks are generally heavier than other automobiles, we conclude that, in the absence of clear and convincing evidence to the contrary, there is a reasonable basis for the classification made by the statute, and that the statute is valid.

Complaint is made of the instruction on the measure of damages, which is as follows:

"If the jury finds for the plaintiff, they will award him in money such a sum as they believe from the evidence was caused him as the direct and proximate result of said injuries, not exceeding in all the sum of $10,000, the amount claimed in the petition."

This instruction gave the jury no guide by which to determine the amount of the damages. Under it the jury were at liberty to award damages in any sum not exceeding the amount sued for. Similar instructions have often been condemned by this court. Lexington Ry. Co. v. Britton, 130 Ky. 676, 114 S. W. 295; Weil v. Hagan, 161 Ky. 292, 170 S. W. 618; Kentucky Utilities Co. v. Howard, 203 Ky. 829, 263 S. W. 360.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.