## Silver Fleet Motor Express v. Wilson.
## Same v. Turnmeyer.

Oct. 9, 1942.

H. C. Gillis and R. W. Keenon for appellant.

J. C. Bird, C. S. Wilson, and B. B. Snyder for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellees recovered judgments in separately instituted actions tried together. By agreement, the appeals were prosecuted on a single transcript of the testimony, and are to be disposed of in one opinion. The verdicts were for damages sustained in a collision between an automobile, owned and driven by Wilson in which Mrs. Turnmeyer was a guest, and a truck operated by the Silverfleet Motor Express. It is unnecessary to recite the facts since they are fully set forth in the opinion this day delivered in the case of Silverfleet Motor Express v. Mrs. Otto Wilson, 291 Ky. 509, 165 S. W. (2d) 48, which was tried and appealed separately. The testimony of Givens, one of the car's occupants, who did not appear in Mrs. Wilson's case, added nothing which could affect our view that the evidence afforded by the physical facts sustained the testimony of appellant's truck driver and the disinterested witnesses. On the contrary, Givens' statement that the car did not move after the collision, but "seemed like it hit a solid wall," was contradictory of Wilson's that the automobile went forward, and confirmatory of the deductions drawn by King and others who examined the surroundings. In addition, King's testimony, offered at the preceding trial, that Wilson told him some hours after the collision that the truck driver "did all he could to avoid the wreck," was admitted as competent against Wilson. Moreover, there was additional evidence indicating that the collision occurred on the truck's side of the road, and that the occupants of the car had been drinking. The evidence, in all of its essential features, was the same as that introduced in Mrs. Wilson's case, and for the reasons there given, the Court should have sustained appellant's motion for directed verdicts.

The instructions were similar to those given in Mrs. Wilson's case, and erroneous in several particulars. In the event of another trial, they should be conformed to our rulings in the case of National Linen Co. v. Snowden, 288 Ky. 374, 156 S. W. (2d) 186. All questions pertaining thereto, as well as other grounds urged for a reversal but not disposed of, are reserved.

Judgment reversed in each case.