## Johnson v. Hopkins.

May 2, 1944.

Drinnon & Whalin for appellant.

W. L. Hammond and J. H. Taylor for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Mary B. Hopkins obtained a judgment for $500 for damages to her automobile and personal injuries received by her when her automobile collided with a truck owned by the appellant, Joe Johnson. Appellant insists that the court erred in overruling his motion for a directed verdict in his favor and in failing to give an instruction on contributory negligence.

The collision occurred about 10 a. m. August 5, 1942, on highway 74 between Middlesboro and Fonde, Kentucky. The automobile driven by Mrs. Hopkins was traveling west toward Fonde and the truck, loaded with logs, was traveling east toward Middlesboro. The automobile and truck met on a sharp curve just east of a steep hill. The curve is referred to in the record as a blind curve because of a high cliff on the north side of the road at that point. The truck descended the hill in low gear, and Floyd Barnett, the driver, shifted to second gear when he reached the bottom of the hill and approached the curve to his left, which was on level ground. The collision was caused by the failure of one of the vehicles to keep to the right of the center of the road. Mrs. Hopkins, who was familiar with the road, testified that she was driving on the right side of the road at a speed of about 20 miles an hour when the truck suddenly appeared in front of her and on her side of the road. The right-hand wheels of her car were near the ditch and there was nothing she could do to avoid the collision. Robert Cupp, was standing on the side of the road next to the cliff, about 400 feet east of the scene of the acci-

dent. He testified that Mrs. Hopkins passed him and that her car continued on the right side of the road to the point of the accident. Just before the collision the truck appeared in view and its left wheels were across the center line of the road, or to the right of the center of the road in the direction in which Mrs. Hopkins was traveling. Pride Stanifer was riding in the cab of the truck with Barnett. They testified that the truck rounded the curve on their right-hand side of the road with its right wheels on the berm, and that the car driven by Mrs. Hopkins failed to make the curve in the road, crossed the center line and struck the truck, which traveled 25 or 30 feet after the collision and stopped on its right-hand side of the road. Thus the testimony of the four eyewitnesses on the sole issue in the case was in direct conflict. Two placed the point of collision north of the center line of the road, or on Mrs. Hopkins' side of the road, and two placed it south of the center line.

Appellant's argument that the verdict is flagrantly against the evidence and that his motion for a directed verdict should have been sustained is based on the theory that the physical facts show conclusively that the collision occurred south of the center line of the road. The pavement is 22 feet wide at the point of the accident, and on the north side there is a shoulder or berm 3 feet wide, then a ditch next to the cliff. On the south side is a shoulder 5 feet wide between the paved part of the road and a creek. After the accident Mrs. Hopkins' car was standing at right angles across the road with the front end across or south of the center line. The front end of the car was badly damaged, the left front wheel was broken down and the tire deflated. There were marks on the road 18 inches or 2 feet south of the center line which appellant's witnesses stated were made by the rim of the left front wheel of appellee's car. There also were marks 8 inches south of the center line which they claimed were made by the spring bolts of her car. Appellant argues that the collision must have occurred at the point on the road where the marks appeared. This is not a necessary deduction. The location of a car after a collision depends upon many factors such as the weight of the colliding cars, their speed, the angle at which each approached the other, and the point of impact on the respective cars. Here a heavily loaded truck and a much lighter passenger car collided when approaching from opposite directions. The front end

of the passenger car was demolished, but the front end of the truck was undamaged. Its left front fender and left door to the cab were crushed. A reasonable deduction from the established physical facts is that the front of the truck turned to the right just before the collision, and that the truck as it moved forward pulled or dragged the passenger car, leaving it standing at right angles to the road with the front wheels across the center line. The actual collision may have occurred several feet from the marks on the road. We have held in several cases that the testimony of actual witnesses as to the manner in which a collision occurred was overcome by evidence of physical facts which pointed so unerringly to the actual causes of the collision as to leave no room for a contrary determination. Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S. W. (2d) 48; Davis v. Bennett's Adm'r, 289 Ky. 516, 159 S. W. (2d) 39; Lambert v. Miller's Adm'r, 277 Ky. 64, 125 S. W. (2d) 1019; Louisville & N. R. Co. v. Welsh, 272 Ky. 120, 113 S. W. (2d) 879. On the other hand, as was said in Silver Fleet Motor Express v. Wilson, supra (291 Ky. 509, 165 S. W. (2d) 51): "We have frequently refused to say that the resulting condition of colliding vehicles, road marks, and other similar physical evidences of the manner in which a collision occurred were, of themselves, sufficient to overcome oral testimony of actual witnesses to the contrary. Southern Oxygen Company v. Martin, 291 Ky. 238, 163 S. W. (2d) 459; Silver Fleet Motor Express et al. v. Casey, etc., 288 Ky. 233, 155 S. W. (2d) 863; Union Underwear Co. et al. v. Barnett, etc., 285 Ky. 488, 148 S. W. (2d) 339."

The present case falls in the latter class, and the court properly overruled the defendant's motion for a directed verdict in his favor.

Appellant argues that the court erred in refusing to give an instruction on contributory negligence. After instructing the jury that it was the duty of the plaintiff, in driving her automobile, to anticipate the use of the highway in question by other persons and vehicles and to keep a lookout ahead to keep from coming in collision with vehicles coming in the opposite direction and to keep to the right side of the road when meeting vehicles and to give, in passing, one-half of the road as nearly as possible, the court told them that if they believed from the evidence the plaintiff negligently crossed

over the center of the road and drove her car into the truck of the defendant they should find for the defendant. This was a concrete instruction on contributory negligence, and presented appellant's theory on the only issue in the case.

The judgment is affirmed.