**COE et al. v. ADWELL.**

Court of Appeals of Kentucky.

Dec. 21, 1951.

738

J. Basil Preston, Glasgow, for appellants.

Vance & Vance, Glasgow, for appellee.

CAMMACK, Chief Justice.

On the morning of March 6, 1950, an automobile driven by Charles Randall Adwell collided with a one and one-half ton farm truck driven by James Robert Coe. Adwell instituted this action against Coe and Gid Hollinsworth, the co-owners of the truck, to recover for temporary and permanent personal injuries sustained by him, and for other items of damage not important here.

Coe and Hollinsworth answered and counterclaimed, denying Adwell's allegation of negligence on the part of Coe. They alleged that Adwell was the negligent party and sought to recover for damage resulting to their truck. The appeal is from a $1,400 judgment in favor of Adwell.

The apellants assert as grounds for reversal that (1) the trial court erred in overruling their motion to dismiss the appellee's petition at the conclusion of the appellee's presentation of evidence (this motion was based on the contention that the evidence presented by the appellee was insufficient to support a verdict if returned for him); (2) the trial court erred in overruling their motions for a peremptory instruction and dismissal of the appellee's petition after all the evidence had been presented; (3) certain of the instructions given were erroneous; (4) it was error to refuse to give certain instructions offered by the appellants; (5) the appellee's attorneys were guilty of misconduct during the trial; (6) the verdict was in excess of that which could have been awarded under proper instructions; and (7) the trial court erred in admitting incompetent evidence offered by the appellee and in excluding competent evidence offered by the appellants.

Just prior to the accident the vehicles were traveling toward each other on State Highway 63 (Glasgow-Tompkinsville road), the paved portion of which is between sixteen and one-half and eighteen feet in width. The evidence discloses two widely divergent theories of the cause of the collision. The appellants' version is that the appellee's automobile, while traveling on the wrong side of the road, struck their truck after Coe had driven the truck into a ditch off the right side of the road in an attempt to avoid the accident, and that at the point of the collision the right wheels of the truck were three and one-half feet from the paved portion of the road. The appellee's account of the accident is that the truck, while on the wrong side of the road, struck his automobile after he, in order to avoid the collision, had pulled as far over as possible onto the shoulder on his right side of the road and stopped there. In this position the right wheels of the automobile would be three and one-half to four feet from the edge of the pavement.

After the collision the truck was twenty-one and one-half yards up the road from the automobile. Each was facing in the direction in which it had been traveling, and each was at least partially on its right-hand shoulder of the road. There were tire and skid marks on the road and on both shoulders which lend credence to either version of the collision. Dirt was found under and near the automobile where it stood after the accident. The rear wheels and the axle of the truck, though still partially under the truck bed, had been separated from their fastenings. Because of this, the appellants argue that the truck could not have traveled the distance contended by the appellee after the vehicles collided.

A study of the evidence reveals both highly contradictory testimony and the

presence of physical facts which support either theory of the case. Under such circumstances the issue of negligence was clearly one for the determination of the jury. Johnson v. Hopkins, 297 Ky. 406, 180 S.W.2d 287; Webb v. Adams, 302 Ky. 335, 194 S.W.2d 515.

■ The appellants contend that it was error not to instruct the jury on the question of excessive speed at which appellee allegedly was traveling. The proximate cause of this accident was not the speed of the appellee's automobile; rather it was the presence of one of the vehicles on the wrong side of the road. If one adopts the appellants' version that the appellee's automobile was traveling fifty-five to sixty miles per hour on the truck's side of the road, the appellee's primary act of negligence and the proximate cause of the collision was the failure to keep to his side of the road. Had he continued to travel on the left side of the center line, the collision would have occurred regardless of the speed of his vehicle. Adopting the other account of the accident, one finds that the appellee, when traveling only thirty miles per hour, upon seeing the truck coming toward him on the wrong side of the road, pulled his automobile onto the right-hand shoulder of the road and stopped there, whereupon the truck struck the automobile. Under the evidence presented, the collision could only have happened in one or the other of these two ways. If the former, the speed was an incidental factor; if the latter, there was no excessive speed. Thus, clearly, an instruction on speed was not required.

■ Nor was it error to refuse to give this instruction offered by the appellants: "This court instructs the jury that after considering all the evidence and all the instructions herein you may find either for the plaintiff, Charles Randall Adwell, on his petition or for the defendants, James Robert Coe and Gid Hollinsworth, on their counterclaim, or that you find for neither party."

The court did instruct the jury that, if they believed the accident resulted from the negligence of both parties operating concurrently, they could find for neither party. The instruction given adequately covered this point. Moreover, the appellants could not have been prejudiced by the court's refusal to give the instruction offered. When the collision occurred, one vehicle or the other was almost entirely off its right side of the road, and the other was almost completely on the wrong side of the road. There is nothing in this record from which it could be inferred that both parties were negligent. One, and only one, had to be at fault. Therefore, not only was the instruction offered not warranted by the evidence but the appellants actually were favored by the instruction given.

■ Next, the appellants contend that the appellee did not state a cause of action on the issue of damages for personal injuries suffered by him, and, therefore, that he was not entitled to an instruction on this point. This contention is without merit. The appellee set out specifically the injuries sustained and alleged "he is entitled to the sum of $3,000 as temporary and permanent disabilities and injuries received and sustained by him as a result of said collision aforesaid." He then prayed judgment "in the sum of $3,000 for temporary and permanent disability." It is true the appellee did not seek recovery for pain and suffering resulting from the injury. However, this did not make the petition fatally defective. Pain and suffering naturally flow from the injuries set out and are presumed to exist without a special pleading thereof. Louisville & N. R. Co v. Dickey, 104 S.W. 329, 31 Ky.Law Rep. 894; Prichard v. Collins, 228 Ky. 635, 15 S.W.2d 497; Hendrickson v. New Hughes Jellico Coal Co., 172 Ky. 568, 189 S.W. 704; Louisville & N. R. Co. v. Stewart, 163 Ky. 164, 173 S.W. 757.

■ The appellants concede that the jury was properly instructed on all items of damage, save that regarding the alleged temporary personal injuries. The instruction on that question reads: " * * * and you may find for the plaintiff damages such as would reasonably compensate him for his temporary personal injuries, if any, not to exceed $3,000, the amount sued for." It has long been held in this jurisdiction

740

that an instruction which does not furnish a measure of damages by which the jury may fix the amount of recovery for personal injuries is erroneous. Weil v. Hagan, 161 Ky. 292, 170 S.W. 618; Fenton Dry Cleaning & Dyeing Co. v. Hamilton, 226 Ky. 580, 11 S.W.2d 409; Chesapeake & O. Ry. Co. v. Johnson, 228 Ky. 296, 14 S.W. 2d 1059; Prichard v. Collins, 228 Ky. 635, 15 S.W.2d 497; Trimble v. Baker, 273 Ky. 434, 116 S.W.2d 968, and others cited in these cases.

The proper measure of damages for non-permanent injuries has been discussed many times. In Consolidated Coach Corp'n v. Wright, 231 Ky. 713, 22 S.W.2d 108, it was held that in such instance the damages, other than those specially pleaded, are limited to pain and suffering, past and future. In Williams v. Balmut, 298 Ky. 249, 182 S.W.2d 779, 782, we said the measure of damages for temporary personal injuries is "compensation for pain and suffering and special damages shown by the evidence." See also Cincinnati, N. O. & T. P. Ry. Co. v. Dority, 292 Ky. 461, 166 S.W.2d 996, citing Middlesboro Coca Cola Bottling Works v. Ball, 262 Ky. 101, 89 S. W.2d 875.

■■ The appellee argues in support of the instruction given that the jury would know from the use of the words "temporary personal injuries" that the instruction meant compensation for pain and suffering resulting from those injuries. This does not necessarily follow. Under the instruction given, the jurors were free to award the appellee any sum in damages not exceeding the amount sued for, regardless of whether in their own judgment his past and future pain and suffering would entitle him to that amount. An instruction should be free of ambiguity and not open to various interpretations by the jury. In order that there be no doubt in this type of case that the damages awarded by the jury are compensatory only, and not punitive in effect, the measure of damages should be stated clearly, simply and in exact terms. Therefore, if there be another trial of this case, the trial court shall utilize the approved form of instruction in order to afford the jury a criterion and a guide as to the proper measure of damages. See Stanley's Instructions to Juries, sections 313 through 317, inclusive.

We have examined the testimony and have found no errors committed by the trial judge in his rulings on the admissibility and competency thereof.

The judgment must be reversed because of the erroneous instruction on temporary personal injuries. It is not necessary that we discuss the remaining alleged errors, as they will in all probability not occur on another trial. A decision on those questions is reserved.

Judgment reversed with directions to set it aside and for proceedings consistent with this opinion.