**Keith ANDROSKI, Appellant,**

v.

**Bert S. LUCKETT, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

Hanish & Hanish, Louisville, for appellant.

Charles E. Duncan, John L. Knopf, Louisville, for appellee.

DAVIS, Commissioner.

Keith Androski, plaintiff in the trial court, appeals from the judgment entered upon a "dog-fall" verdict in his action against Bert S. Luckett for alleged damages incurred in an automobile accident. The appellant contends that: (1) He was entitled to a directed verdict, and (2) the physical facts were so conclusive as to refute appellee's theory of the accident as a matter of law.

Androski was driving his car westwardly on the Outer Loop. Luckett was proceeding eastwardly along Outer Loop intending to turn to his left into Minors Lane. The accident occurred at night, but the intersection was well lighted by reason of illumination at two nearby filling stations.

According to Androski, he was approaching the intersection at about forty miles per hour with his headlights on. The weather was clear, and the street was dry. He said there was no traffic proceeding westwardly in front of him, but there was a long line of traffic meeting him from the west. Androski said that when he was about four car lengths from the intersection he realized that a collision was imminent because he saw the Luckett car being driven across the center line into Androski's line of travel. At that point

Androski said he swerved to his right and "slammed on the brakes." At no time did Androski cross the center line to his left, he said.

Luckett's version was that he observed the Androski car approaching at a speed which he estimated to be sixty miles per hour. Realizing that he could not negotiate the left turn into Minors Lane until Androski's car had cleared the intersection, Luckett said, he stopped with his left flasher light activated, awaiting Androski's passage. According to Luckett, he was not in a line of traffic and there was no automobile behind him or any immediately preceding him. He estimated that the Androski car was about 150 feet from the intersection when he first saw it. He admitted that the left side of his car was "just a fraction over" the center line of Outer Loop in Androski's traffic lane. He explained that by "fraction" he meant "half a foot." He elaborated that his reference was to his left front bumper's being across the center line. Luckett testified that he watched the approaching Androski car, and the latter swerved or skidded to its left into Luckett's travel lane and struck Luckett there while Luckett's car was standing still.

There was no eye witness to the actual collision, although a witness in a nearby filling station testified that he heard the crash which he described as being so forceful as to cause the windows to shake in the service station. The same witness described debris, which he identified as parts of the Luckett car, as being in Luckett's proper travel lane. An officer who investigated the scene recounted that there was debris in both traffic lanes and that it was not possible to accurately fix the point of impact so far as identifying in which traffic lane it occurred. The officer noted a 42-foot skid mark which he identified as having been made by Androski's car. However, the officer was unable to say whether the mark was laid down by a left or right wheel of the Androski vehicle. If the mark had been made by a right wheel of Androski's car, (the officer's evidence

tended to indicate that it was) the left side of Androski's car would have extended into Luckett's travel lane.

The court submitted the case to the jury as to the claim of Androski and the counterclaim of Luckett, and, as noted, the jury found that each of the litigants was negligent and rejected their claims against each other. Luckett has not filed a cross-appeal.

■ At the conclusion of all the evidence, Androski moved for a directed verdict, asserting that the evidence reflected Luckett's negligence as a matter of law and failed to disclose any negligence on the part of Androski. Reliance was had in the trial court and is renewed here upon Rankin v. Green, Ky., 346 S.W.2d 477; Barnes v. Jones, Ky., 351 S.W.2d 506; Smith v. Sizemore, Ky., 300 S.W.2d 225; and Weaver v. Brooks, Ky., 350 S.W.2d 639. Those cases and others which have followed them recognize that priority of right-of-way exists in favor of the vehicle proceeding in a straight course over one seeking to make a turn. We adhere to that principle but do not find it controlling under the facts at hand. Nothing in those decisions suggests that the vehicle proceeding in a straight course is entitled to cross the center line to its left so as to collide with an oncoming, left-turning vehicle. There is no dispute that there was ample space in Androski's traffic lane for Androski to clear the Luckett vehicle without incident even though Luckett's car extended six inches into Androski's lane. It must be remembered that Androski's version of the accident was that Luckett's car was in motion rather than stopped at the intersection, so under Androski's theory of the case the slight intrusion of the Luckett car, as claimed by Luckett, was not a factor in the accident. Since there were diametrically opposing theories and factual backgrounds of the accident, the court properly submitted to the jury the determination of the respective negligence of the parties. It is quite clear that there was a jury issue as to whether Androski had crossed the cen-

ter line to his left so that it would have been error for the trial court to direct a verdict permitting Androski's recovery as a matter of law. This was the only request for directed verdict which was made by Androski.

Appellant contends that the physical facts clearly show the impossibility of the accident's having occurred as contended by Luckett. He relies on Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S.W. 2d 48, and numerous other decisions which recognize the rule as postulated in Silver Fleet Motor Express:

> "In other cases we have held that where the physical facts pointed so unerringly to the actual causes of the collision as to leave no room for a contrary determination, a verdict embodying such determination would be set aside as unsupported by the evidence." Id. 165 S.W.2d 51.

■ The difficulty is that the physical facts in this record do not point so unerringly to the causes of the collision as to require but one conclusion by reasonable minds. Hence, there is no merit in this contention of the appellant.

The judgment is affirmed.

All concur.