## Louisville & N. R. Co. v. Lankford.

March 4, 1947.

James S. Forester, Judge.

C. S. Landrum, C. E. Rice, Jr., H. L. Bryant and J. C. Baker for appellant.

G. G. Rawlings for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

On February 13, 1940, a building in which the appellee, B. F. Lankford, resided and conducted a grocery store burned. The building was located 300 to 400 feet outside the corporate limits of the City of Harlan. A branch line of the Louisville & Nashville railroad passed the lot where the building was located. Mrs. Lankford called the fire department of the City of Harlan at 3 p. m., and ten or fifteen minutes later a fire engine appeared at the scene of the fire and a hose connected with a fire plug within the city limits was laid along the rail-

road tracks a distance of about a quarter of a mile. The hose ran across the railroad tracks at a crossing near the burning building. Twenty-five or thirty minutes later a second fire engine was called, and a second line of hose was connected with a fire plug and laid along the railroad tracks to the scene of the fire but the water was never turned into this second line of hose. At 3:30 p. m. a freight train, consisting of an engine and forty-three cars, arrived at what is referred to in the evidence as the block office, which is located 2,067 feet from the place where the hose crossed the tracks. From this point the train backed from the main line onto the Martin's Fork branch line and proceeded at a speed of five miles an hour toward the crossing where the fire hose crossed the tracks. Earl Willis, a brakeman employed by appellant, was riding on the end of the caboose as the train backed up Martin's Fork. He was introduced as a witness by appellee, and testified that before the train commenced its backing movement from the block office he was notified that a fire hose was across the tracks up Martins' Fork. The train backed at a speed of not over five miles an hour, and he first observed the hose on the tracks when the caboose was five or six car lengths away. He immediately applied the brakes by use of the angle cock, but the train failed to stop before reaching the crossing although the wheels were locked. The wheels of the caboose struck the hose and, though it was not entirely severed, it was pinched and the flow of water through it stopped. At the time the fire had been burning about an hour. According to appellee the water was off about twelve or fifteen minutes, and during that time the fire which had been practically extinguished flared up and destroyed considerable property not theretofore burned. He brought this action to recover damages occasioned by the fire during the time the hose was severed and the flow of water stopped on the theory that the cutting of the hose resulted from the negligent operation of the train by appellant's employees. The appellant moved for a peremptory instruction at the close of the plaintiff's evidence and again at the close of all the evidence, but both motions were overruled and the case was submitted to a jury which returned a verdict for $800 for the plaintiff.

We think that the motion for a peremptory instruc-

tion made at the conclusion of the plaintiff's evidence should have been sustained because of the indefiniteness of the proof as to the property damaged during the time the water was off and as to its value. The appellee testified that he had a general line of groceries in the building consisting of beans, flour, tobacco, cigarettes, soft drinks, meats, fruits and vegetables, and certain equipment and fixtures such as Frigidaire, cash register, adding machine, typewriter and show cases. He estimated the value of the goods and fixtures at $3,000, and said that only $200 worth of goods and fixtures were salvaged. He gave no description of the goods in the building nor any estimate of the quantities. He testified that at the time the hose was cut the fire in the store was under control and practically out. There is no way to determine from his testimony what condition the stock of goods was in or how much was then undamaged. Any finding of a jury on the plaintiff's evidence must have been based upon pure guesswork and speculation. The appellant introduced several members of the fire department who were present at the fire, and they testified that the building and its contents had been practically consumed before the flow of water stopped; that the water was off not more than five or six minutes; and that little, if any, damage occurred during that time. However, we deem it unnecessary to set out the evidence in detail in this respect, since it was shown by appellee's own witnesses that the train crew, after the train had stopped and pulled forward off the hose, was directed by those in charge of the fire apparatus to continue backing the train. The hose, of course, could not be recoupled until the entire train had passed over the crossing. There was uncontradicted proof that the severed hose could have been recoupled in one-half minute if the train had remained standing. No appreciable damage could have occurred during this additional period. In even less time, water could have been turned into the second hose which had been laid along the railroad tracks. It was not negligence on the part of the railroad employees to follow the directions of the firemen and to resume the backing movement of the train. It is obvious from the evidence that the firemen were of the opinion that the building and its contents had been destroyed, and that no further loss would result.

Even if it be conceded that those in charge of the train were guilty of negligence in the first instance, yet the evidence wholly fails to show that appellee suffered any loss by reason thereof and appellee's motion for a peremptory instruction should have been sustained. Juries should not be permitted to indulge in speculation and guesswork as to the probable damages resulting from an alleged act of negligence where there is no tangible evidence in that respect. Kentucky Glycerine Co. v. Woodruff Development Co., 233 Ky. 325, 25 S. W. 2d 736; Fordson Coal Co. v. Whitt, 253 Ky. 484, 69 S. W. 2d 992. "Damages recoverable in any case must be shown with reasonable certainty, both as to their nature and in respect to the cause from which they proceed." Wigginton's Adm'r v. Louisville Railway Co., 256 Ky. 287, 75 S. W. 2d 1046, 1051. Cf. Kentucky Utilities Co. v. Parrott, 275 Ky. 140, 120 S. W. 2d 1025.

The instruction on the measure of damages was erroneous, and in the event another trial is had and the evidence authorizes submission of the case to the jury, a proper instruction should be given. The instruction on the measure of damages told the jury that they should award the plaintiff such a sum in damages as would reasonably and fairly compensate him for the loss of the goods and fixtures which were burned between the time the hose was cut and the water was turned on. This instruction furnished no criterion to the jury to guide it in determining the damages to appellee's property. Where personal property is destroyed the measure of damages is its fair market value at the time and place of injury, and where it is damaged but not destroyed the measure of damages is the difference between its fair market value immediately before and after the injury. Trevillian v. Boswell, 241 Ky. 237, 43 S. W. 2d 715; Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268; Southern Railway In Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162.

Judgment is reversed with directions to grant appellant a new trial.