COMMONWEALTH of Kentucky,
DEPARTMENT OF HIGHWAYS,
Appellant,

v.

Chester JENT et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1975.

Jim Robinson, Gen. Counsel, Asst. Atty. Gen., Dept. of Highways, Frankfort, Dell M. Wallen, Lexington, for appellant.

Hoover Haynes, Craft, Barrett, Haynes & Ward, Hazard, Alva A. Hollon, Kenneth S. Baker, Hollon & Hollon, Hazard, for appellees.

STERNBERG, Justice.

This reverse condemnation action arose after the construction by the appellant of connector roads, connecting Bible Avenue with the newly relocated Ky. Highway 15 at Vicco, in the southern portion of Perry County, Kentucky. The appellees are five individuals who own properties which front on Bible Avenue before and after the construction of the connector roads.

The issues made by the pleadings are twofold: (1) have the properties of the ap-

pellees been permanently damaged by a change in surface water drainage, and (2) have appellees been deprived of reasonable access between their properties and Ky. Highway 15.

Prior to the relocation of Ky. 15, the only road to appellees' properties was from Ky. 1095 in Vicco, across a one-lane, wooden-floor bridge, onto Bible Avenue. Bible Avenue was a blacktopped roadway which ran for 500 to .600 feet at a width of 16 to 18 feet and then narrowed to a width of 12 to 14 feet for the remaining 400 to 500 feet to appellees' properties. It had a constant grade of approximately 2%. The new Ky. 15 cuts across Bible Avenue and eliminates the one-lane bridge. Both ends of Bible Avenue are linked to the new Ky. 15 by connector roads 16 feet in width. On the end toward Hazard, Kentucky, which is the location at which the landowners have directed most of .their criticism, the road is blacktopped and constructed with a maximum grade of 12.16% and on a 78-degree curve. Bible Avenue, as it proceeds in the direction of Whitesburg, Kentucky, is rutted and only partially blacktopped. Minor complaint is made relative to the nature of its approach to and connection with Ky. 15.

There is evidence in the record that after the relocation of Ky. 15 and the connector roads water had flowed into the homes of the appellees. In fact, after being notified of this situation, the appellant moved a drain pipe in an attempt to eliminate the problem.

At the trial in the Perry Circuit Court the appellees testified that their properties had been damaged by two factors: (1) water flow, and (2) deprivation of reasonable access. The appraiser for appellees testified concerning the market value of the properties before and after the construction of the connector roads. While there is testimony that a water flow had occurred as a result of the relocation of Ky. 15 and the connector roads, there is no proof concerning the extent or amount of the alleged damage.

In fact, appellees' appraisal witness, on cross-examination, pointed out that he did not consider water damage as a factor in his appraisal. He further noted that he had not even checked the appellees' houses for water damage.

Appellant moved for a directed verdict at the close of appellees' case and again at the close of all the evidence on the ground that the evidence was insufficient to prove appellees' case. These motions were overruled by the trial court. The jury awarded a verdict of $12,500, $2,500 to each of the appellees. Appellant moved for judgment notwithstanding the verdict and for a new trial. The trial court overruled both of these motions; hence, this appeal.

The only question raised by appellant is whether "the trial court erred in overruling the motions for a directed verdict and the motion for judgment notwithstanding the verdict."

The appellees argue that the values of their properties were lowered because of (1) a water flow negligently caused by the appellant, and (2) a deprivation of reasonable access to their properties.

Even if it is conceded that the appellant negligently caused the water flow across appellees' properties, the appellees' claim on this point still fails because there is no evidence of diminution of value of appellees' properties as a result thereof. The appellees testified that a water flow had occurred following the road construction, but failed to offer any proof of resultant damages. In fact, as was pointed out earlier, the appraisal witness of appellees stated that he did not consider water damages a factor in his appraisal. The jury should not be allowed to engage in speculation or guesswork as to the probable damages resulting from the allegedly negligent construction where no evidence is offered on the point. Louisville & Nashville Railroad Co. v. Lankford, Ky., 304 Ky. 192, 200 S.W.2d 297. Damages must be shown with reasonable certainty. *Id.*

In Commonwealth, Department of Highways v. Carlisle, Ky., 363 S.W.2d 104, we held that the only access right that the landowner has is a right of reasonable access to the highway system. In Commonwealth, Department of Highways v. Adkins, Ky., 396 S.W.2d 768, we held that, conversely, the landowner cannot be deprived of reasonable access without just compensation. The question of reasonableness of access must be dealt with on a case-by-case basis. Ordinarily, whether the landowner has been deprived of reasonable access is a question of law which should be resolved by the court, but in order for it to be resolved at all it is indispensable that the facts be disclosed. *Adkins,* supra.

The proof by appellees on the question of whether reasonable access existed after the road construction consisted of testimony that they were unable to use the connector roads on certain occasions when snow had fallen. The fact that it was difficult or impossible to use the road on these occasions was attributed to the increase in the grade of the access from 2% to 12.16%. The inability of the landowners to navigate the approaches on infrequent occasions such as have been delineated does not constitute a loss of reasonable access, and the trial judge should have determined as a matter of law that the landowners have not lost reasonable access. Appellant's motion for a judgment notwithstanding the verdict of the jury should have been sustained.

Since the appellees have not been deprived of reasonable access to the highway system and since no permanent damage to their properties has been shown, the judgment is reversed and the case remanded to the trial court with instructions to enter a judgment for appellant dismissing appellees' complaint.

All concur.