Ezra D. GIBSON, Janice Gibson, His Wife; Dean Gibson, and Pamela Gibson, His Wife, Appellants,

v.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellee.

No. 88–CA–1990–S.

Court of Appeals of Kentucky.

Aug. 18, 1989.

Case Ordered Published by Court of Appeals Sept. 29, 1989.

J.D. Atkinson, Jr., Charles L. Douglas, McBrayer, McGinnis, Leslie & Kirkland, Greenup, for appellants.

David A. Collins, Com. of Ky., Transp. Dept., Flemingsburg, for appellee.

Before ELSWICK, EMBERTON and HAYES, JJ.

ELSWICK, Judge:

Appellants own a five story building in Ashland located on the corner of Winchester and 13th Street. The first three floors of the building are used as a retail furniture store, the top two floors being reserved for warehouse space.

For many years it was customary for trucks to stop and unload on 13th Street where appellants' freight entrance and freight elevator were located. In 1986, however, 13th Street was reduced in width from approximately fifty-six feet to approximately sixteen feet due to the construction of a bridge linking Kentucky and the State of Ohio.

After the bridge was built and 13th Street reduced in width, the police refused to permit trucks to stop and unload at appellants' 13th Street freight entrance. Appellants must now unload the furniture at a separate warehouse and then bring it back to the freight entrance in small trucks or vans.

Appellants filed this action for loss of reasonable access. The trial court, after a hearing, dismissed the claim for failure to state a cause of action, ruling that although appellants may have been inconvenienced, they still had reasonable access to their property. It is this ruling of the trial court that has been appealed.

The question of whether the landowner has been deprived of reasonable access is a question of law which should be resolved by the court. *Commonwealth, Department of Highways v. Jent*, Ky., 525 S.W.2d 121 (1975).

In resolving this issue against appellants, the trial court found no difference in appellants use of 13th Street before and after construction of the bridge. To quote from the court's order of August 27, 1987:

"Both before and after the construction of the bridge in question, the plaintiffs used the right of way owned by the Commonwealth of Kentucky as access to their freight outlet. Now, as before, the east bound traffic lane would be blocked if as has previously occurred, semi tractors and trailers position themselves so that the back of the trailer abuts the freight outlet and as now if smaller trucks were to position themselves so that the back of the truck abuts on the freight outlet. The main difference now is that the law enforcement officials are prohibiting the blocking of the east bound lane adjoining the plaintiffs' prop-

erty. The defendant has accommodated the plaintiffs for loading and unloading after the construction of the new bridge which requires more effort on the part of the plaintiffs, but it is still reasonable."

■ It appears to us that appellants have lost nothing more than the convenience of blocking 13th Street while unloading large trucks. 13th Street is still open and appellants still have access to their building's freight entrance from 13th Street. The only thing that has changed is that they must now use smaller trucks because the police are refusing to permit large trucks to block the east bound lane of 13th Street. It is arguable the police have restricted appellants access more than the appellee has. Obviously the appellants have no cause of action against the police for enforcing traffic ordinances nor do they have a cause of action for inconvenience since inconvenience is not compensable in eminent domain cases. *Commonwealth, Department of Highways v. Cammack,* Ky., 408 S.W.2d 615 (1966).

Our Supreme Court has addressed the issue of access by ruling that the only access right a landowner has is the right of reasonable access to the highway system. *Commonwealth, Department of Highways v. Carlisle,* Ky., 363 S.W.2d 104 (1962). "This has to mean that he has only the right of access to such highways, and of such surface condition, as the state chooses to provide in the reasonable administration of its highway system." *Commonwealth, Department of Highways v. Sherrod,* Ky., 367 S.W.2d 844 (1963).

The facts of this case call to mind Judge Palmore's statement in *Commonwealth, Department of Highways v. Claypool,* Ky., 405 S.W.2d 674 (1966):

"[T]he value imparted to private property by a public highway has been put there at public expense, and this court has committed itself to the principle that what the public has given the public can, within reason, take away."

■ Undoubtedly appellants found it far more convenient and expedient to unload from large trucks directly into their freight entrance. For many years the public toler-

ated a partial obstruction of 13th Street while appellants were unloading furniture. Due to the diminished width of the street since construction of the bridge, appellants' private use of 13th Street as a loading zone must yield to the greater public use of 13th Street as a public passageway.

For the foregoing reasons the order of the Boyd Circuit Court is affirmed.

All concur.